In re Alberto Obed MIERA, Jr.

Neil K. JOHNSON, Appellant,

v.

Alberto Obed MIERA, Jr., Appellee.

No. 90–5187.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 14, 1990.
Decided Feb. 22, 1991.

Thomas Miller, Minneapolis, Minn., for appellant.

Michael Black, St. Paul, Minn., for appellee.

Before LAY, Chief Judge, JOHN R. GIBSON and WOLLMAN, Circuit Judges.

LAY, Chief Judge.

Alberto Obed Miera, Jr., appeals from the district court's[1] order holding that the compensatory and punitive portions of a state court judgment against him for battery were nondischargeable under section 523(a)(6) of the Bankruptcy Code.[2] The bankruptcy court had applied collateral estoppel to the state court judgment in finding the state judgment against Miera was nondischargeable because it arose from a "willful and malicious injury." The bankruptcy judge held, however, that the punitive damages assessed against Miera were dischargeable under the "fresh start" policy of the Bankruptcy Code. The district court found that both the punitive and compensatory awards were nondischargeable and that Miera was collaterally estopped from relitigating whether the injury was caused by a "willful and malicious" act of Miera.

On appeal, Miera claims that the state court's finding that his conduct amounted to "willful indifference" does not satisfy the federal discharge statute which requires that the act be *both* willful and malicious. Miera argues that this latter

1. The Honorable Robert G. Renner, United States District Judge for the District of Minnesota, presiding.

2. Section 523(a)(6) provides that "[a] discharge under section 727 ... of this title does not discharge an individual debtor from any debt ... for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6) (1988).

issue and finding was not encompassed in the state court finding.

## I.

The facts underlying this case are comprehensively laid out in the bankruptcy court's decision. *In re Miera*, 104 B.R. 150 (Bankr.D.Minn.1989). We highlight only the facts necessary for this appeal. Miera was a Minnesota state district court judge. In November, 1986, Neil Johnson, Miera's court reporter from 1984 through 1986, commenced a state court action against Miera for battery, alleging that Miera kissed him on the mouth without his consent.[3] The lawsuit was tried before a jury. After the close of the evidence, the trial court gave the following jury instructions:

> To establish his civil battery claim, Neil Johnson must show, by the greater weight of the evidence, an intentional and unpermitted contact by Alberto Miera upon the person of Neil Johnson. The claimed battery in this case is the kiss....
>
> If you find by clear and convincing evidence that the acts of Defendant Miera show a *willful indifference to the rights of Neil Johnson*, then you may, in addition to other damages to which you find Mr. Johnson entitled, award Mr. Johnson an amount which will serve to punish Defendant Miera and deter others from the commission of like acts....
>
> When I say that Alberto Miera must have acted with willful indifference to the rights of others, I mean that Alberto Miera must have acted with a deliberate lack of concern for the rights of others.

Tr. at 2663, 2665–66.

The jury returned a verdict in favor of Johnson on his battery claim and awarded him $50,000 in damages for past injury and

3. Johnson alleged that in mid-December, 1984, while he was in chambers with Miera, he told Miera he just wanted to do his job and did not want to clash anymore. Miera then got up from his desk, walked past Johnson, turned abruptly, kissed him on the lips and said, "Oh, we clashed!"

$25,000 for future injury. The jury also awarded Johnson $300,000 in punitive damages. The trial court later ordered a remittitur of $250,000 on the punitive damage award, reducing the punitive damages to $50,000; the court also reduced the future damage award to a present value of $22,589.60. The court then ordered Miera to pay $122,589.60, plus costs and disbursements. The judgment was affirmed by the Minnesota Court of Appeals, *Johnson v. Ramsey County*, 424 N.W.2d 800 (Minn. App.1988), and the Minnesota Supreme Court denied review.

As a result of the state court action, the Minnesota Board on Judicial Standards ("Board") filed a formal complaint against Miera, alleging that Miera had violated the Canons of Judicial Conduct and the Rules of the Minnesota Board on Judicial Standards. A three-judge panel appointed by the Minnesota Supreme Court found that the Board had proven by clear and convincing evidence that Miera had kissed Johnson on the lips without Johnson's consent and that Miera had laid down next to Johnson and touched Johnson's back against Johnson's wishes on two previous occasions. The Minnesota Supreme Court held there was clear and convincing evidence to support the panel's findings and imposed sanctions on Miera.[4]

## II.

The Supreme Court has recently confirmed that the principle of collateral estoppel applies in bankruptcy court to bar the relitigation of factual or legal issues that were determined in a prior state court action. *Grogan v. Garner*, —— U.S. ——, 111 S.Ct. 654, 658 n. 11, 112 L.Ed.2d 755 (1991).

■■■ It is well settled under the collateral estoppel doctrine that four elements must exist to bar relitigation of a factual issue in a subsequent proceeding:

(1) the issue sought to be precluded must be the same as that involved in the prior action;

(2) the issue must have been litigated in the prior action;

(3) the issue must have been determined by a valid and final judgment; and

(4) the determination must have been essential to the prior judgment.

*Lovell v. Mixon*, 719 F.2d 1373, 1376 (8th Cir.1983); *see also* 1B J. Moore, J. Lucas, T. Currier, *Moore's Federal Practice* ¶ 442[1] (1988). The party asserting collateral estoppel has the burden of proving that all four elements apply. *Spilman v. Harley*, 656 F.2d 224, 229 (6th Cir.1981). To determine whether an issue was actually litigated and was necessary to the decision in the prior action, the court should examine the entire record of the earlier proceeding. *See Spilman*, 656 F.2d at 228; *In re Lee*, 90 B.R. 202, 205–06 (Bankr.E.D. Va.1988). Collateral estoppel may only be applied if the party against whom the earlier decision is being asserted had a "full and fair" opportunity to litigate the issue in the prior adjudication. *Lovell*, 719 F.2d at 1376.

■■■ Miera argues the district court erred in holding he was collaterally estopped from relitigating the issue of malice. He claims the issue presented in the state court proceedings was simply whether he showed a "willful indifference to the rights of Neil Johnson" and not whether his conduct was *malicious.*

In *In re Long*, 774 F.2d 875, 880–81 (8th Cir.1985), we recognized that the elements of "willfulness" and "malice" differed under section 523(a)(6). We stated that malice must apply to a heightened level of culpability which goes beyond recklessness if it is to have a meaning independent of willful. *Id.* at 881. We then defined "willful" as "headstrong and knowing" conduct and "malicious" as conduct "targeted at the creditor ... at least in the sense that the conduct is certain or almost certain to

---

**4.** Miera was publicly censured for judicial misconduct, publicly reprimanded as an attorney, and suspended from judicial office without pay for one year. *In re Miera,* 426 N.W.2d 850, 859 (Minn.1988).

cause ... harm." *Id.* We also held that circumstantial evidence of the debtor's state of mind could be used to ascertain whether malice existed. *Id.*

In the present case, the bankruptcy court held as a matter of law that the compensatory damages portion of the state court judgment against Miera was nondischargeable under section 523(a)(6). *In re Miera,* 104 B.R. at 159. The court acknowledged the Minnesota Supreme Court's finding that clear and convincing evidence supported the disciplinary panel's finding that Miera battered Johnson.[5] The court also noted that the jury specifically found that Miera's conduct showed a "willful indifference" to Johnson's rights and that his actions amounted to a "deliberate lack of concern for those rights." *Id.* Furthermore, after evaluating the evidence presented at trial, the court found that "under the unique circumstances which were found by the Minnesota state courts, Defendant's 'willful indifference to Plaintiff's rights' under state law is the full and effective equivalent of malice in the § 523(a)(6) sense." *Id.* Specifically, the court's finding of malice was based on the following trial evidence:

> 1) Johnson was forced to repeatedly resist Miera's advances;
>
> 2) Johnson had made it clear to Miera that he did not share Miera's affection and that he would not acquiesce in further advances; and
>
> 3) Miera was aware that Johnson would be harmed by an unwelcome bodily contact but nevertheless subjected him to an unwanted kiss.

*Id.*

We conclude that the district court properly affirmed the bankruptcy court's holding that the state court judgment against Miera implicitly contained a finding of malice. In *In re Long* we concluded that Congress did not intend to apply a "reckless disregard" standard to determine nondis-

chargeability under section 523(a)(6). *In re Long,* 774 F.2d at 881. In the official comments to section 523(a)(6), Congress stated "to the extent that other cases have relied on *Tinker* to apply a 'reckless disregard' standard, they are overruled."[6] S.Rep. No. 95–989, 95th Cong., 2d Sess. (1978), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5865; H.R. No. 95–595, 95th Cong., 1st Sess. (1977), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5963, 6320. Congress recognized that reckless conduct did not rise to the level of willful conduct and defined "willful" as "deliberate" or "intentional." *Id.*

In *In re Long,* we accepted the Restatement (Second) of Torts' definition of "intent" to aid in determining whether a debt is nondischargeable under section 523(a)(6). *In re Long,* 774 F.2d at 881. The Restatement states that a person acts intentionally if "he knows that the consequences are certain, or substantially certain, to result from his act." Restatement (Second) of Torts § 8A comment b (1965). The Restatement's definition of "intent" is encompassed within the definition of "malice" set forth in *Long.* For conduct to be malicious under *Long,* however, the conduct must not only be "certain or almost certain to cause ... harm," it must also be "targeted at the creditor." *In re Long,* 774 F.2d at 881.

In the present case, evidence adduced in the state court proceeding supports a finding of malice. The trial evidence shows that Miera was more than reckless when he kissed Johnson because he *intended* to cause Johnson harm. The evidence establishes that Miera was certain or substantially certain that Johnson would be harmed by an unwanted kiss. Miera deliberately kissed Johnson even though he was aware that Johnson did not share his affections and that Johnson would be harmed by the offensive contact. Moreover, the evidence demonstrates that Miera's conduct was targeted at Johnson. Miera and John-

---

5. The United States Supreme Court recently held that the standard of proof for the section 523(a) dischargeability exceptions is the preponderance of the evidence. *Grogan,* 111 S.Ct. at 661.

6. The United States Supreme Court indicated in *Tinker v. Colwell,* 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1904), that willfulness could be established upon a finding of a reckless disregard of a duty.

son were the only individuals in the room when the kiss occurred. In our view, no reasonable person could find under the existing circumstances that Miera intended to inflict an injury on anyone other than Johnson.

We find that the state court judgment together with the trial evidence establish that Miera and Johnson actually litigated the "willful and malicious injury" issues in the prior state court proceedings. Miera therefore cannot complain that he was denied a full and fair opportunity to litigate the relevant issues.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). In the present case, we find the district court properly affirmed the bankruptcy court's order granting summary judgment in favor of Johnson with respect to the preclusive effect of the prior state court litigation. As discussed above, Johnson was entitled to a judgment as a matter of law based on the prior state court actions. Moreover, no genuine issue of material fact existed.

### III.

■ Miera also argues that the punitive portion of the state court judgment against him was dischargeable under the "fresh start" policy of the Bankruptcy Code. We disagree.

Petitioner relies on *In re Schmidt*, 36 B.R. 834 (Bankr.D.Minn.1984), which involved a claim of nondischargeability for fraud under 11 U.S.C. § 523(a)(2)(A). In *In re Schmidt*, the bankruptcy court found the compensatory damages nondischargeable under both 11 U.S.C. § 523(a)(2) and 11 U.S.C. § 523(a)(6). *Id.* at 835. The court held, however, that the punitive damages were dischargeable because they were "used as a form of punishment to the debtors, not as compensation for injury to the plaintiffs." *Id.* at 836. The court reasoned that to hold otherwise would "contravene

the Bankruptcy Code's underlying policy of giving debtors a 'fresh start.'" *Id.* at 837. The court stated that it was convinced that "plaintiffs are adequately compensated by awarding them their actual damages." *Id.*

■ We find the *Schmidt* court's holding with respect to the dischargeability of the punitive damages to be contrary to law. Section 523(a)(6) provides that "a discharge under section 727 ... does not discharge an individual debtor from *any debt* ... for willful and malicious injury by the debtor to another entity." 11 U.S.C. § 523(a)(6) (emphasis added). It is clear from the language of this section that Congress did not intend to forgive debts incurred as a result of a debtor's willful and malicious injury notwithstanding Congress' general policy of allowing a debtor a "fresh start" in bankruptcy. Moreover, this section does not distinguish between debts which are compensatory in nature and those which are punitive. The language of section 523(a)(6) is directed at the nature of the conduct which gives rise to the debt, rather than the nature of the debt. We conclude that Miera should not be allowed to discharge the punitive portion of the judgment against him in bankruptcy in light of the fact that both the punitive damage award and the compensatory damage award stemmed from the same willful and malicious injury. *See, e.g., In re Adams*, 761 F.2d 1422, 1427 (9th Cir.1985) (holding that the punitive portion of a debt resulting from a willful and malicious injury is nondischargeable because "the exception to discharge turns upon the nature of the act which gave rise to the liability"); *In re Dean*, 79 B.R. 659 (Bankr.N.D.Tex.1987) (holding that compensatory and punitive damages which result from a willful and malicious injury are nondischargeable under section 523(a)(6)).

Accordingly, the judgment is AFFIRMED.