**In the Matter of Mark Anthony FARFALLA, Debtor.**

**Sondra EDGMAN, Personal Representative of the Estate of Kim D. Edgman, Deceased, Plaintiff,**

v.

**Mark Anthony FARFALLA, Defendant.**

**Bankruptcy No. BK89–40976.
Adv. No. A90–4022.**

United States Bankruptcy Court,
D. Nebraska.

June 25, 1991.

James Regan, Kelley, Kelley & Lehan, P.C., Omaha Neb., for debtor-defendant.

Melvin Hansen, Hansen, Engles & Locher, P.C., Omaha, Neb., for plaintiff.

## MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

This is an action to determine the dischargeability of plaintiff's civil judgment against the debtor. The matter before the court is plaintiff's Motion for Summary Judgment (Fil. # 10).

The judgment against the debtor was entered in a civil lawsuit for motor vehicle negligence. On June 9, 1990, a judgment was rendered against the debtor in the amount of $400,000.00, plus interest and costs. In separate criminal proceedings, the debtor was tried and convicted of felony motor vehicle homicide.

■ Plaintiff has moved for summary judgment asserting that the debtor is collaterally estopped from relitigating the issues litigated in the criminal action. Plaintiff asserts, based on the findings in the criminal action, that debtor's obligation to plaintiff is nondischargeable under 11 U.S.C. § 523(a)(6).

Summary judgment is properly granted when the court determines that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Bankruptcy Rule 7056(c). In making these determinations, the court must view the facts in the light most favorable to the nonmoving party and must give that party the benefit of all reasonable inferences from the facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct 1348, 1356–57, 89 L.Ed.2d 538 (1986); *Kegel v. Runnels*, 793 F.2d 924, 926 (8th Cir.1986).

■ The Supreme Court has ruled that collateral estoppel applies in bankruptcy court to bar the relitigation of factual or legal issues that were determined in a prior state court action. *Grogan v. Garner,* —— U.S. ——, 111 S.Ct. 654, 658, 112 L.Ed.2d 755 (1991). Furthermore, applying *Grogan v. Garner*, the Eighth Circuit recently held that collateral estoppel applied in an action to determine the nondischargeability of a debt under 11 U.S.C. § 523(a)(6). *Johnson v. Miera (In re Miera)*, 926 F.2d 741 (8th Cir.1991). Further, under *Grogan*, the preponderance of the evidence standard applies to all exceptions from discharge of debts under 11 U.S.C. § 523(a). Thus, as here, where a higher standard was applied in a prior state court criminal action, the findings of a state court may have collateral estoppel effect in the bankruptcy court.

■ The elements for applying collateral estoppel are set forth in *Miera*, 926 F.2d at 743. The issue sought to be precluded must be the same as that involved in the prior action; the issue must have been litigated in the prior action; the issue must

have been determined by a valid and final judgment; and the determination must have been essential to the prior judgment. Debtor contends that because the jury in the state action did not make any specific findings of fact, the issues of willfulness and malice were not determined in the state action. Therefore, debtor asserts that he should be permitted to litigate the question of nondischargeability in bankruptcy court.

▇▇ Debts arising from a willful and malicious injury are barred from discharge by 11 U.S.C. § 523(a)(6). The Eighth Circuit has determined that "willful" and "malicious" are separate and distinct requirements with "willful" meaning "headstrong and knowing" conduct, and "malicious" meaning "targeted at the creditor ... at least in the sense that the conduct is certain or almost certain to cause ... harm." *In re Long,* 774 F.2d 875 (8th Cir.1985), quoted in *In re Miera,* 926 F.2d at 743, 744.

The jury found the debtor guilty of felony motor vehicle homicide under Nebraska law. I have reviewed the jury instructions and applicable statutes given to the jury. Under parts 3(a) and (b) of jury instruction 5, the jury necessarily found that the debtor either acted "in such a manner as to indicate an indifferent or wanton disregard for the safety of persons or property" or "in such a manner as to indicate a willful disregard for the safety of persons or property." Jury instruction 7 defines "indifferent or wanton disregard," as "unconcerned and reckless ignoring or total lack of regard or concern for the rights or safety of others or of consequences," and defines "willful disregard for the safety of persons or property," as "the conscious and intentional driving, which the driver knows or should know creates an unreasonable risk of harm to others." I conclude that either of the jury findings pursuant to said parts 3(a) or (b) of jury instruction 5 are sufficient to preclude the debtor from relitigating willfulness and malice under 11 U.S.C. § 523(a)(6).

▇▇ The debt arose from a "willful injury". The jury findings conclusively establish that debtor was acting "headstrong and knowing" by the manner he was operating his vehicle. I note that a mere reckless disregard for others or for the consequences of action is generally not sufficient to bar discharge under 11 U.S.C. § 523(a)(6). *Miera,* 926 F.2d at 744. "Willful" conduct must be "deliberate" or "intentional". *Id.* However, the requisite intent will be found if a person knows that the consequences are certain or substantially certain, to result from his act. *In re Long,* 774 F.2d at 881. *See also In re Harris,* 107 B.R. 210 (Bankr.D.Neb.1989). Either of the specific findings of the jury go beyond recklessness and indicates that the debtor engaged in voluntary or intentional conduct intending injury or knowing that injury would be caused thereby. Accordingly, I conclude that debtor is collaterally estopped from relitigating the issue of "willful injury" under 11 U.S.C. § 523(a)(6).

To determine whether malice exists, the debtor's conduct must have been targeted toward the creditor, at least in the sense that the conduct was certain or almost certain to cause harm. *Miera,* 926 F.2d at 743, 744. In *Miera,* the court found that the debtor was collaterally estopped from relitigating the issue of malice because a jury previously found that the debtor's conduct showed a "willful indifference to the creditor's rights" and that the debtor's actions amounted to a "deliberate lack of concern for those rights." Here, I find that debtor's "total lack of regard or concern for the rights or safety of others or of consequences" or debtor's "conscious and intentional driving, which debtor knew or should have known created an unreasonable risk of harm to others" are each the full and effective equivalent of malice under 11 U.S.C. § 523(a)(6).

All of the requisites for application of collateral estoppel are satisfied. Debtor previously fully litigated the issues of willfulness and malice, the issues were necessarily litigated in the prior action, the jury's findings are evidenced by a valid final judgment, and the jury's determination was essential to the final judgment. Therefore, debtor is collaterally estopped

from relitigating the issues of willfulness and malice in this proceeding. I conclude that debtor's obligation to plaintiff arose from a willful and malicious injury. There are no genuine issues of fact. Thus, plaintiff is entitled to judgment as a matter of law. A separate journal entry shall be entered in conformity herewith.