7 F.3d 1043
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
 UNITED STATES of America, Appellee,
v.
Roman SPAETH; Imelda Spaeth, Appellants,
Stearns County, Auditor; State of Minnesota; Joan M.
Noske, as Trustee for the Basic Bible Church of
America, Chapter 7024, BBCA, Inc.,
Xemas, Inc. Defendants
 
 No. 93-2036.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 30, 1993.
Filed: October 4, 1993.
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Roman and Imelda Spaeth appeal from the district court's[1] order granting summary judgment to the United States in an action to quiet title to certain property formerly owned by the Spaeths. We affirm.
 
 
 2
 Following the government's successful levy against certain real property for unpaid taxes due from the Spaeths, see Xemas, Inc. v. United States, 689 F. Supp. 917 (D. Minn. 1988), aff'd, 889 F.2d 1091 (8th Cir. 1989) (Table), cert. denied, 494 U.S. 1027 (1990), and successful action to eject the Spaeths from the same property, United States v. Spaeth, No. 3-90-638 (D. Minn. Mar. 18, 1991), aff'd, 985 F.2d 566 (8th Cir. 1991) (Table), cert. denied, 112 S. Ct. 1562 (1992), the government filed this quiet title action against the Spaeths, the Stearns County Auditor, State of Minnesota, Joan Noske, BBCA, Inc., and Xemas, Inc.
 
 
 3
 The government moved for summary judgment against the Spaeths, arguing that the Spaeths had no legal or equitable interest in the property and that they were collaterally estopped to contest the ownership issue. In response, the Spaeths argued that the State of Minnesota, not the government, had title to the property based on the State's lien for unpaid real estate taxes, and thus a genuine issue of material fact was present.
 
 
 4
 By stipulation, the United States, Sterns County Auditor, and State of Minnesota settled their separate interests in the property and the United States dismissed its claims against the Auditor and the State. The district court, finding that the question whether the Spaeths had any legal or equitable interest in the property was foreclosed by United States v. Spaeth, concluded that there was no genuine issue whether the Spaeths had an interest in the property and granted summary judgment against the Spaeths.
 
 
 5
 The Spaeths moved for reconsideration, challenging the stipulation and arguing that the district court did not have jurisdiction to enter judgment because the government did not have an interest in the property when it commenced the action.
 
 
 6
 The district court denied the reconsideration motion, concluding that the court had jurisdiction because the United States had a claim to the property, the government established that the Spaeths had no legal interest in the property, and there was no evidence that the stipulation was an improper collusion agreement. On the government's motion, the district court entered a default judgment against Noske, as Trustee for BBCA, Inc., against BBCA, Inc., and against Xemas, Inc., holding that they had no legal or equitable interest in the real property. The district court also entered an order adopting the stipulation.
 
 
 7
 On appeal, the Spaeths reiterate that the district court did not have jurisdiction because, they allege, Minnesota, not the United States, had title to the property, that the stipulation could not confer jurisdiction after the action was filed, and that the district court abused its discretion in not staying the summary judgment determination until after they completed discovery under Federal Rule of Civil Procedure 56(f).
 
 
 8
 We agree that summary judgment was proper. Because this is a quiet title action, the district court had jurisdiction under 26 U.S. C. § 7402(e). The district court conclusively determined in United States v. Spaeth that the Spaeths did not have any legal or equitable interest in the property. The Spaeths do not have standing to contest the State's interest or to challenge the State's relinquishment of its interest. Thus, the Spaeths, by virtue of the prior decisions, are collaterally estopped to challenge this action. See In re Mieria, 926 F.2d 741, 743 (8th Cir. 1991) (test for collateral estoppel).
 
 
 9
 We also find no abuse of discretion in the district court's order staying further discovery because the Spaeths did not show the discovery was material to a claim that they had an interest in the property.
 
 
 10
 Accordingly, we affirm the district court's judgment.
 
 
 
 [1]
 THE HONORABLE DIANA E. MURPHY, Chief Judge, United States District Court for the District of Minnesota