No. 95-1704

Kenneth P. Uhl,                          *
                                         *
                Appellant,               *
                                         *
        v.                               *
                                         *
Dennis P. Swanstrom,                     *
individually and in his                  * Appeal from the United States
official capacity as 185 TFG             * District Court for the
Commander Iowa Air National              * Northern District of Iowa
Guard, Warren G. Lawson,                 *
individually and as                      *
Adjutant General, Iowa Air               *
National Guard, and the                  *
Iowa Air National Guard,                 *
                                         *
                Appellees.               *


                        _____

            Submitted:   October 16, 1995

                 Filed:  April 4, 1996
                        _____

Before McMILLIAN, BRIGHT and LOKEN, Circuit Judges.
                        _____

McMILLIAN, Circuit Judge.

        Plaintiff Kenneth P. Uhl appeals from a final order entered in the
United States District Court[1] for the Northern District of Iowa granting
summary judgment in favor of defendants Dennis P. Swanstrom, Warren G.
Lawson, and the Iowa Air National Guard on plaintiff's claims of due
process and equal protection violations pursuant to 42 U.S.C. § 1983, a
claim of violation of the Privacy Act of 1974, 5 U.S.C. § 522a et seq., and
a pendent state law claim

_____

        [1]The Honorable Mark W. Bennett, United States District Judge
for the District of Iowa.

pursuant to the Federal Tort Claims Act (FTCA). <u>Uhl v. Swanstrom</u>, 876 F. Supp. 1545 (N.D. Iowa 1995). For reversal, plaintiff argues that the district court erred in holding that (1) all of plaintiff's claims were non-justiciable under the doctrine established in <u>Feres v. United States</u>, 340 U.S. 135 (1950) (<u>Feres</u>) (limiting tort claims against the United States and its agencies and representatives for injuries incident to military service); (2) some of plaintiff's claims were barred by the applicable statutes of limitations; and (3) plaintiff was not entitled to partial summary judgment based upon the district court's prior rulings. For the reasons discussed below, we hold that the district court correctly applied the <u>Feres</u> doctrine, we decline to reach plaintiff's statute of limitations arguments, and we hold that plaintiff was not entitled to partial summary judgment based upon the district court's prior rulings. Accordingly, we affirm.

**Background**

Plaintiff was a dual-status employee with the Iowa Air National Guard (IANG). He was a full-time civil engineer at the IANG base in Sergeant Bluffs, Iowa, and a part-time member of the IANG. His eligibility for military service was a requirement of his continued employment as a civil servant. On June 9, 1988, plaintiff was discharged from the IANG after a Medical Evaluation Board reportedly diagnosed him as mentally unfit for military duty. As a consequence, plaintiff also lost his civil service employment. At the time of plaintiff's discharge, defendant Swanstrom was his commanding officer, and defendant Lawson was the Adjutant General of the IANG.

Plaintiff filed a complaint with the Department of Defense Office of the Inspector General (DoD/IG), which investigated the matter and found the process leading to plaintiff's discharge flawed and the decision to discharge plaintiff inappropriate and invalid. In its final report, dated January 24, 1990, the DoD/IG

recommended that plaintiff be reinstated to the positions he would have occupied had he not had a break in service. Plaintiff also filed an application with the Air Force Board for Correction of Military Records (AFBCMR) seeking to have the medical disqualification removed from his military records. The AFBCMR agreed with the DoD/IG's conclusions and, on June 21, 1991, recommended that plaintiff's records be expunged of all references to the medical disqualification. Despite these findings by both the DoD/IG and the AFBCMR, the IANG has never reinstated plaintiff.

Plaintiff also filed an administrative claim with the Department of the Air Force under the FTCA and separately filed a civil lawsuit against Swanstrom and the IANG in Iowa state court alleging defamation and deprivation of rights under state and federal law, and seeking damages and reinstatement. On August 31, 1990, the Department of the Air Force denied plaintiff's administrative claim under the FTCA. On November 26, 1990, the Iowa state court granted the IANG's motion to dismiss plaintiff's claims on the basis of the Feres doctrine; then, on September 24, 1991, the state court granted Swanstrom's motion for summary judgment and dismissed plaintiff's claims against him, again on the basis of the Feres doctrine.

In the meantime, on January 22, 1991, plaintiff initiated the present action in federal district court.[2] On February 21, 1991, plaintiff amended his complaint. The amended complaint alleges due process and equal protection violations, a federal Privacy Act violation, and a state common law claim of intentional interference with contract, all arising out of defendants' termination of plaintiff from his service with the IANG. The amended complaint seeks declaratory and injunctive relief (including reinstatement),

---

[2]The case was initially assigned to the Honorable Donald E. O'Brien, who was, at that time, Chief Judge of the Northern District of Iowa.

-3-

actual, incidental, and punitive damages, attorneys' fees, and costs.

Defendants moved to dismiss, arguing, among other things, that plaintiff's claims were barred under the Feres doctrine. On April 7, 1992, the district court denied defendants' motion. Uhl v. Swanstrom, No. C 91-4012 (N.D. Iowa Apr. 7, 1992). In its order of April 7, 1992, the district court also certified, for purposes of interlocutory appeal, that the order involved a controlling question of law as to which there were substantial grounds for a difference of opinion. See 28 U.S.C. § 1292(b). Defendants did not immediately appeal the district court's order and instead moved for reconsideration in the district court. One year later, the district court ruled on the motion for reconsideration and dismissed two of the defendants, the United States and the United States Air Force, without prejudice; however, the remaining defendants, Swanstrom, Lawson, and the IANG, were not dismissed. Uhl v. Swanstrom, slip op. at 8 (Mar. 26, 1993). The district court's order of March 26, 1993, did not contain certification language permitting interlocutory appeal. After failing to obtain relief from the district court on their motion for reconsideration, defendants Swanstrom, Lawson, and the IANG subsequently filed an interlocutory appeal. Their interlocutory appeal was dismissed for lack of jurisdiction. Uhl v. Swanstrom, No. 93-8059NISC (8th Cir. Apr. 27, 1993) (order entered by the clerk of court dismissing appeal for lack of jurisdiction).

Thereafter, defendants Swanstrom, Lawson, and the IANG filed a motion for summary judgment in the district court, again asserting, among other things, that plaintiff's claims were barred under the Feres doctrine. Plaintiff filed a cross-motion for partial summary judgment, arguing, among other things, that the district court was bound by its earlier rulings. Following oral arguments, the district court granted defendants' motion for summary judgment, denied plaintiff's cross-motion, and dismissed

the case.  <u>Uhl v. Swanstrom</u>, 876 F. Supp. at 1570.[3]  This appeal followed.

## Discussion

We review a grant of summary judgment *de novo*.  The question before the district court, and this court on appeal, is whether the record, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); <u>see, e.g.</u>, <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-50 (1986); <u>Get Away Club, Inc. v. Coleman</u>, 969 F.2d 664, 666 (8th Cir. 1992); <u>St. Paul Fire & Marine Ins. Co. v. FDIC</u>, 968 F.2d 695, 699 (8th Cir. 1992).

Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate.  <u>Crain v. Board of Police Comm'rs</u>, 920 F.2d 1402, 1405-06 (8th Cir. 1990).

We begin by addressing plaintiff's last argument -- that defendants were precluded from relitigating on summary judgment those issues which had previously been litigated and decided in the district court's orders of April 7, 1992, and March 26, 1993.  Defendants failed to timely appeal the district court's April 7, 1992, order despite the creation of interlocutory appellate jurisdiction by the district court's certification in accordance with 28 U.S.C. § 1292(b).  Nevertheless, we hold that plaintiff's collateral estoppel argument is legally flawed for several reasons.  Most notably, the district court expressly stated in its order of March 26, 1993:

---

[3]By this time, the case had been reassigned to the Honorable Mark W. Bennett.

> It has been brought before the court's attention
> that defendants Swanstrom, Lawson, and the [IANG] have
> further factual issues to raise in this case that they
> believe would entitle them to relief on a summary
> judgment motion. <u>Nothing in this order or in the</u>
> <u>previous order of this court precludes defendants from</u>
> <u>raising such a motion for  summary judgment at a later</u>
> <u>time if they feel it is appropriate.</u>

<u>Uhl v. Swanstrom</u>, slip op. at 8 (Mar. 26, 1993) (emphasis added). Moreover, defendants' interlocutory appeal from the April 7, 1992, and March 26, 1993, orders was dismissed for lack of jurisdiction because it was untimely with respect to the April 7, 1992, order and the March 26, 1993, order was not properly certified by the district court. As such, and because the appeal was interlocutory, the dismissal was without prejudice and the district court's orders did not become final. Collateral estoppel applies only where the issue in controversy has previously been determined by a valid and final judgment. <u>In re Miera</u>, 926 F.2d 741, 743 (8th Cir. 1991). We therefore hold that the district court correctly rejected plaintiff's collateral estoppel argument. <u>Uhl v. Swanstrom</u>, 876 F. Supp. at 1550. Also, as noted by the district court, the so-called "law of the case" doctrine does not apply when an intervening decision from a higher tribunal renders a prior determination erroneous. <u>Id.</u> at 1550 n.3 (citing <u>Morris v. American Nat'l Can Corp.</u>, 988 F.2d 50 (8th Cir. 1993)). In the present case, this court's decision in <u>Wood v. United States</u>, 968 F.2d 738 (8th Cir. 1992) (<u>Wood</u>), was decided after the district court's April 7, 1992, and March 26, 1993, orders were filed, and the district court found the Eighth Circuit's decision in <u>Wood</u> to be dispositive on the applicability of the <u>Feres</u> doctrine in the present case. See <u>Uhl v. Swanstrom</u>, 876 F. Supp. at 1550 n.3. Therefore, the district court acted within its discretion in deciding that the <u>Feres</u> doctrine precludes plaintiff's claims, notwithstanding its earlier rulings to the contrary.

We next turn to the legal merits of the district court's application of the _Feres_ doctrine in the present case.  Upon careful consideration of the controlling case law on this issue, the district court concluded "with great reluctance" that it was legally constrained to apply the _Feres_ doctrine based upon Supreme Court and Eighth Circuit precedents, including _Wood_, 968 F.2d at 739-40 (National Guard member's claim based upon adverse employment decision was barred under the _Feres_ doctrine because personnel decisions within the National Guard ordinarily require assessment of military qualifications), and _Watson v. Arkansas National Guard_, 886 F.2d 1004 (8th Cir. 1989) (_Watson_) (_Feres_ doctrine applies to National Guard member's claim that his discharge was racially motivated).  See _Uhl v. Swanstrom_, 876 F. Supp. at 1561-70.  Upon _de novo_ review, we find ourselves equally reluctant, yet legally bound, to hold that plaintiff's claims in the present case are non-justiciable under the _Feres_ doctrine.

In this appeal, plaintiff acknowledges that the Supreme Court's decision in _Feres_, and its progeny, have drastically narrowed the scope of permissible lawsuits against military agencies and military officers.  However, plaintiff notes that there are exceptions to the _Feres_ doctrine and argues that the present case falls within one of those exceptions.  He maintains that it is beyond dispute that his due process rights were violated, as evidenced by the two agency decisions finding his discharge invalid and recommending reinstatement.  He maintains that all he seeks by the present lawsuit is to compel defendants to do what two administrative agencies have already instructed defendants to do, that is, reinstate him.  On this basis, he claims that there need not be any interference in military decisionmaking by the court and, thus, his case is distinguishable from _Wood_.  Plaintiff also argues that this case is distinguishable from _Watson_ because, in _Watson_, no agency had made a final determination that

-7-

the plaintiff's discharge was improper.  Plaintiff further argues that this court should be compelled by the overwhelming equitable

and policy considerations against application of the <u>Feres</u> doctrine in cases such as this one. For example, as the district court noted, it is unfair that, in the context of the National Guard, the Guard is allowed to benefit from the protections of the <u>Feres</u> doctrine, yet it is not required to follow directives from the military's central command (in this case, the DoD/IG and AFBCMR reinstatement orders). <u>See</u> <u>Uhl v. Swanstrom</u>, 876 F. Supp. at 1570. This dichotomy is particularly unfair, plaintiff argues, because one of the justifications for the <u>Feres</u> doctrine is the presumption that nonjudicial administrative remedies are available within the military. <u>See</u> <u>id.</u>[4]

In response, defendants argue that the district court's decision is well-grounded in Eighth Circuit and Supreme Court precedents. Defendants argue that it is well-established that: (1) members of the National Guard are covered by the <u>Feres</u> doctrine; (2) individual defendants, in their individual capacities, are protected by the <u>Feres</u> doctrine; and (3) the doctrine applies to decisions concerning the composition of the military. Defendants further suggests that this case, like <u>Watson</u>, involves a personnel decision and therefore, like <u>Watson</u>, it does not fall within one of the two exceptions to the <u>Feres</u> doctrine recognized in <u>Watson</u>. Plaintiff is neither challenging the constitutionality of a military regulation or statute on its face, nor is he seeking limited judicial review of a final agency action. Moreover, defendants argue, <u>Wood</u> is directly on point because, as the district court observed, "the court in <u>Wood</u> ordered dismissal of the claims under the <u>Feres</u> doctrine even though the plaintiff had been confronted with refusal by the highest officer in the

_____

[4]Plaintiff also makes the policy argument that, in a situation such as this, there are no veteran's benefits available as an alternative remedy.

chain of command to follow the recommendation resulting from the internal administrative process."  <u>Uhl v. Swanstrom</u>, 876 F. Supp.

at 1570 (citing <u>Wood</u>, 968 F.2d at 740 ("[t]he complaint states that although a hearing officer found in favor of Lt.Col. Wood, the Adjutant General declined to assign him as the Air Commander")). Consistent with the holding in <u>Wood</u>, defendants argue, the personnel decision being challenged in the present case is precisely the type of intramilitary decision with which the courts may not interfere under the <u>Feres</u> doctrine.

Upon careful review of the issues and arguments presented in this appeal, we agree with the district court's interpretation of the law regarding the <u>Feres</u> doctrine and its application to the facts of the present case. <u>Uhl v. Swanstrom</u>, 876 F. Supp. at 1561-70. We find it unnecessary to modify or to elaborate upon the district court's thorough analysis. Accordingly, the judgment of the district court is affirmed. <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-11-