**In re Harold Lee ROBERTS.**

**GOLFINGLY YOURS, INC. as successor in interest of Historic Golf Prints, Plaintiff,**

v.

**Harold Lee ROBERTS, Defendant.**

**Bankruptcy No. 95–16187 S.**
**Adv. No. 95–6524.**

United States Bankruptcy Court,
W.D. Arkansas,
Hot Springs Division.

June 11, 1996.

Donald Roberts, Hot Springs, AR, for Plaintiff.

J. Calvin Campbell, Hot Springs, AR, for Defendant/Debtor.

Frederick Wetzel, Trustee, Little Rock, AR.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the trial of the complaint to determine dischargeability pursuant to 11 U.S.C. § 523(a)(4). The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a), 1334. This is a "core proceeding" within the meaning of 28 U.S.C. § 157(b) as exemplified by 28 U.S.C. § 157(b)(2)(I).

The debtor is a "golf pro" who, under contract to the plaintiff, toured various tournaments selling plaintiff's wares. In November 1992, the debtor telephoned a large order of "Ben Hogan pillows" to the home office, at which time the principal, Jerry Moncrief, questioned the debtor, asking if debtor had spoken with each buyer. The debtor responded that he had. As it turned out, the debtor had not spoken with each buyer, but, since they were former customers, simply processed their credit card numbers for the sale. He then immediately requested and

received his commissions on these "sales." Upon a few complaints from the customers, the plaintiff sent a letter of apology to all of the buyers and credited their respective accounts, terminated the debtor's contract, and obtained judgment against the debtor for the cost of the pillows. Plaintiff now seeks to have this debt held nondischargeable as fraud committed by a fiduciary.

The parties stipulate that judgment was entered against the debtor and that there existed a fiduciary relationship between the parties during 1991 and 1992. Although the judgment was entered upon default by the debtor, it is a valid and, absent the bankruptcy, enforceable order. *See Kapp v. Naturelle, Inc.*, 611 F.2d 703, 710 (8th Cir.1979). Although collateral estoppel principals apply to default judgment, *id.*, there is insufficient evidence of the nature of the issue in state court in the form of pleadings and other documents to properly apply the doctrine to this judgment. *See Johnson v. Miera (In re Miera )*, 926 F.2d 741 (8th Cir.1991) (court should review record to apply collateral estoppel). Apparently, the parties agree with this conclusion because neither party urges that the doctrine be applied. Rather both parties request that the Court determine whether fraud exists.

■ Section 523(a)(4) provides that a debt owed by a debtor is excepted from discharge if there was fraud or defalcation while acting in a fiduciary capacity. Thus, the plaintiff must prove two elements: that the debtor was a fiduciary, and that, while a fiduciary, the debtor committed a fraud against the plaintiff. The first element is met by stipulation. The only issue for the Court is whether debtor's actions constitute fraud.

■ The essential elements of a fraud action are that (1) defendant made a false, material representation (ordinarily of fact); (2) defendant had knowledge the representation was false; (3) defendant intended the plaintiff should act on the representation; (4) the plaintiff justifiably relied on the representation; and (5) the plaintiff was damaged as a result of such reliance. *Barnett v. Arkansas Transport Company, Inc.*, 303 Ark. 491, 800 S.W.2d 429, 430 (Ark.1990); *Vander-*

*boom v. Sexton*, 460 F.2d 362, 366 (8th Cir. 1972).

In the instant case, there is no dispute that the debtor made representations to the plaintiff regarding the orders, that these representations were false, and that he intended for the plaintiff to rely upon the statements by shipping the orders and remitting debtor's commission. Although the debtor was generally a credible witness, it is clear from his testimony that his misrepresentation was deliberate. He affirmed to Moncrief that he had spoken with each buyer and that the sales were valid. He had not in fact spoken with each buyer, took credit card numbers from previous unrelated sales orders, and transmitted the orders to the plaintiff in order to obtain his commission from those sales. Thus, the debtor clearly had the requisite intent under the statute such that debt is nondischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(4).

**ORDERED:** that the debt owed by the debtor HAROLD LEE ROBERTS to GOLFINGLY YOURS, INC. is nondischargeable in this bankruptcy proceeding.

**IT IS SO ORDERED.**