**In re James Lee RATCLIFF, Debtor.**

**Jane Anne RATCLIFF, Plaintiff,**

**v.**

**James Lee RATCLIFF, Defendant.**

**Bankruptcy No. 94–20694–2.**
**Adv. No. 95–2001–2.**

United States Bankruptcy Court,
W.D. Missouri,
Central Division.

Aug. 19, 1996.

---

186

Michael L. McDorman, Versailles, MO, for Plaintiff.

Lewis Z. Bridges, Lake Ozark, MO, for Defendant.

## MEMORANDUM ORDER

FRANK W. KOGER, Chief Judge.

This matter is before the Court on the final chapter of Jane Anne Ratcliff's complaint for determination of dischargeability of debt under 11 U.S.C. § 523(a)(6). In a prior order this Court lifted the automatic stay for the purpose of allowing Jane, the ex-wife of the debtor, to proceed with her pending tort action against the debtor in the Circuit Court of Morgan County, Missouri. This Court reserved ruling on the issue of dischargeability of debt pending the resolution of the Morgan County lawsuit. That action was tried on June 5, 1996. At the conclusion of trial, the jury rendered a verdict in favor of Jane. The jury awarded Jane $100,000 actual damages and $125,000 punitive damages. Jane now requests that the Court rule that the entire $225,000 award is nondischargeable.

Section 523(a)(6) of the Bankruptcy Code excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." In this case, the debtor admittedly shot Jane in the leg, however, he contended that he was defending himself and his father and that he shot Jane in self defense. Jane insisted that she discharged a 22 rifle because she was trying to frighten a dog and get the dog off her premises. The jury was given a self defense instruction tendered by the debtor, Instruction Number 7, and was further instructed as follows in Instruction Numbers 6, 8 and 9, respectively:

Instruction No. 6

Your verdict must be for Plaintiff if you believe:

First, Defendant intentionally shot Plaintiff, and

Second, Defendant thereby caused Plaintiff bodily harm.

Unless you believe that Plaintiff is not entitled to recover by reason of Instruction No. 7.

. . . .

Instruction No. 8

If you find in favor of Plaintiff Jane Anne Ratcliff, then you must award plaintiff such sum as you believe will fairly and

justly compensate plaintiff for any damages you believe she sustained and is reasonably certain to sustain in the future as a direct result of the occurrence mentioned in the evidence.

Instruction No. 9

If you find the issues in favor of Plaintiff, and if you believe the conduct of Defendant as submitted in Instruction No. 6 was outrageous because of Defendant's *evil motive or reckless indifference to the rights of others,* then in addition to any damages to which you find Plaintiff entitled under Instruction No. 8, you may award Plaintiff an additional amount as punitive damages in such sum as you believe will serve to punish Defendant and to deter Defendant and others from like conduct. (Emphasis added.)

Although not raised by Jane in support of her assertion that the state court judgment is nondischargeable, the Court determines that this situation is ripe for the application of collateral estoppel. All the elements of collateral estoppel have been met here. *See In re Miera,* 926 F.2d 741, 743 (8th Cir.1991).

■ There is no question that the jury award of actual damages in the amount of $100,000 for the debtor's shooting of Jane is nondischargeable as a willful and malicious injury under 11 U.S.C. § 523(a)(6). *See In re LeMaire,* 898 F.2d 1346, 1347–48 (8th Cir.1990). The debtor admitted that he shot Jane. The jury was instructed to render a verdict in Jane's favor if the jurors found that the debtor intentionally shot Jane and thereby caused her bodily harm and if the jury did not believe the debtor's theory of self defense.

■ However, the jury award of punitive damages in the sum of $125,000 does not pass muster under the willful and malicious standard of section 523(a)(6). It is true that section 523(a)(6) does not distinguish between debts that are compensatory in nature and those which are punitive. *Miera,* 926 F.2d at 745. "The language of section 523(a)(6) is directed at the nature of the conduct which gives rise to the debt, rather than the nature of the debt." *Id.* At first blush, it would appear that the punitive dam-

ages award should be nondischargeable just because the punitive damages award stemmed from the debtor shooting Jane in the leg. A comprehensive examination of the jury instructions reveals that although the actual damages award stemmed from the debtor's intentional shooting of Jane, which was willful and malicious conduct, the punitive damages award could have stemmed from either the debtor's evil motive, which for purposes of this order the Court will presume means willful and malicious behavior, *or* the debtor's reckless indifference to the rights of others. The jury was given a choice to award punitive damages based upon either the debtor's willful and malicious conduct or his reckless indifference. The Eighth Circuit Court of Appeals has clearly stated that reckless conduct "is not malicious within the meaning of [11 U.S.C. § 523(a)(6) ]." *In re Geiger,* 93 F.3d 443, 444 (8th Cir.1996). *See also Cassidy v. Minihan,* 794 F.2d 340, 344 (8th Cir.1986) (At the most, the debtor's conduct reflected a reckless disregard for the risks involved, therefore, the debt is dischargeable).

The circumstances herein are distinguishable from the situation that confronted the Eighth Circuit in *In re Miera.* In *Miera,* the Eighth Circuit ruled that both the award for actual damages and the award for punitive damages were nondischargeable under 11 U.S.C. § 523(a)(6). However, in that case the jury was instructed that to find civil battery the plaintiff must have shown an intentional and unpermitted contact by the defendant, and that to award punitive damages the jurors must have found that the acts of the defendant showed a "willful indifference" to the rights of the plaintiff. The Eighth Circuit upheld the bankruptcy court's determination that " 'under the unique circumstances which were found by the Minnesota state courts' " the term "willful indifference" was the full and effective equivalent of malice. *Miera,* 926 F.2d at 744. In *Miera,* in affirming the lower court's holding that the state court judgment implicitly contained a finding of malice, the Eighth Circuit expressly stated that "Congress did not intend to apply a 'reckless disregard' standard to

**188**

determine nondischargeability under section 523(a)(6)." *Id.*

Here, because the punitive damages portion of the award may have been premised on recklessness rather than willful and malicious conduct, the award of punitive damages must be considered a dischargeable debt. *See In re Hartman,* 100 B.R. 46, 50–51 (D.Kan. 1989).

### Conclusion

Based on the above discussion, Jane Anne Ratcliff's complaint to determine dischargeability of debt under 11 U.S.C. § 523(a)(6) is DENIED IN PART AND GRANTED IN PART. The actual damages award in the amount of $100,000 is NONDISCHARGEABLE. The punitive damages award in the amount of $125,000 is DISCHARGEABLE.

The foregoing Memorandum Order constitutes Findings of Fact and Conclusions of Law as required by Fed.R.Bankr.P. 7052.

So ORDERED.