**In re Joseph and Tammie MODE.**

**Anita Stubbs, Plaintiff,**

v.

**Joseph and Tammie Mode, Defendants.**

Bankruptcy No. 98–41803 S.
Adversary No. 98–4070.

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Jan. 20, 1999.

Robert Thacker, Conway, AR, for debtors.

Matthew Hartness, Maumelle, AR, for plaintiff.

Richard Cox, Hot Springs, AR, Chapter 7 Trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

MARY DAVIES SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the trial of the complaint to determine dischargeability of a debt pursuant to section 523(a)(6) of the Bankruptcy Code.

On October 3, 1994, Joseph Mode, having been hired to repossess Anita Stubbs' 1987 Nissan Stanza, drove his wrecker to Stubbs's residence. His wife rode as a passenger in the wrecker. Mode then attempted to back his wrecker into the driveway, but soon realized that his wrecker could not negotiate the curve in the driveway and could not haul the vehicle away. Accordingly, Mrs. Mode approached the Nissan, got in Mrs. Stubbs' vehicle and, using the keys which had been left in the vehicle, began to back it out of the driveway.

At that time, Mrs. Stubbs realized that someone was taking her car. Thinking that perhaps someone was stealing her vehicle, she ran to the vehicle, yelling, and attempted to halt the driver. Mrs. Mode initially testified that she saw a woman come out of the house, but later in her testimony, denied seeing anyone.[1] Mrs. Stubbs reached the driver's side of the vehicle and testified that she even made eye contact with Mrs. Mode, but Mrs. Mode did not stop. The car's mirror struck Mrs. Stubbs, knocking her under the car. She further testified that Mrs. Mode continued the repossession of the vehicle by backing it around, rolling the vehicle over Mrs. Stubbs and then shifting the car to drive and proceeding out of the driveway. Mrs. Stubbs testified that Mrs. Mode looked directly at her and left the scene. Mrs. Stubbs suffered a compound fracture of her left leg, three broken toes, a severe injury to her left arm, and her right leg was split down the middle.

The Modes fled the scene in separate vehicles, leaving Mrs. Stubbs lying severely injured on the ground. Mrs. Mode was later charged with first degree battery. Mr. Mode testified at the criminal proceeding that he did not observe his wife's actions and could see nothing. At the trial before the bankruptcy court, however, Mr. Stubbs testified that he watched his wife backing out of the drive, first over his right, then his left, shoulder and that he could see everything. He testified at length describing the scene, including the size of a large tree and the location of the residence.

The Modes filed a petition under Chapter 7 of the Bankruptcy Code on April 10, 1998, just prior to entry of the civil judgment Mrs. Stubbs obtained against the Modes in the amount of $479,040.50 in compensatory and $1,000,000 in punitive damages.

■ The Bankruptcy Code provides for the nondischargeability of a debt if the debtor causes wilful and malicious injury to another:

A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity ***

---

1. Mrs. Mode later testified that the first time she ever saw Mrs. Stubbs was in court in the criminal proceeding. Mr. Mode claims never to have seen Mrs. Stubbs.

11 U.S.C. § 523(a)(6). Both willfulness and malice must be shown in order for a debt to be found nondischargeable under this provision. *Geiger v. Kawaauhau (In re Geiger)*, 113 F.3d 848, 854 (8th Cir.1997). The primary issue, as argued by the parties, is the element of willfulness. The debtors assert that their conduct was, at most, mere recklessness, such that the debt is dischargeable under *Geiger.*

In *Geiger,* the Court of Appeals for the Eighth Circuit held that a showing of recklessness is insufficient to render conduct willful for purposes of section 523(a)(6). Committing an intentional act that causes injury does not render a debt nondischargeable. Rather, the plaintiff must demonstrate that the tortfeasor acted with an intent to cause injury. The finding of intent must be based upon the knowledge of the consequences of the act, not merely upon the intent to commit the act itself. *Id.* at 852. Of course, in determining intent, the likelihood that harm will occur in an objective sense may be considered in evaluating intent. *In re Waugh,* 95 F.3d 706 (8th Cir.1996) (quoting *Barclays American/Business Credit, Inc. v. Long (In re Long)*, 774 F.2d 875 (8th Cir.1985)).

In the instant case, the plaintiff has demonstrated the willful nature of the debtors' acts. The debtors arrived at the scene with the intention of repossessing Mrs. Stubbs' vehicle. Both of the debtors were aware that Mrs. Stubbs was present and acting to protect her vehicle. Although their credibility is nonexistent, their testimony demonstrates that they were observant and cognizant of the scene. The likelihood of harm was readily apparent in an objective sense not only by the circumstances of a furtive repossession of a vehicle, but made more so by the presence of the vehicle's owner. The Court does not believe their inconsistent assertions that they did not see Mrs. Stubbs initially, or as she ran to her vehicle. They knew she was there, that their continuation of the repossession placed Mrs. Stubbs in danger, but continued with their

course of action even though it was readily apparent that injury would result. The Court cannot imagine more compelling evidence of wilfulness than the facts that the Modes continued with their actions despite Mrs. Stubbs' frantic attempts to halt the taking of her vehicle and then knowingly leaving her lying helpless and severely injured. It is inconceivable that the Modes did not see Mrs. Stubbs' frantic attempts to halt their actions, or that Mrs. Mode did not feel a thump as she rolled right over Mrs. Stubbs. Mrs. Mode looked directly at Mrs. Stubbs lying prostate and severely injured on the ground; Mr. Mode watched. The fact that they fled the scene rather than giving assistance compels the conclusion that they acted knowing and wilfully. The Modes not only were aware of Mrs. Stubbs' presence, they wilfully caused the injury to her and both of them fully intended to flee the scene with her lying injured on the ground, an act which could have only exacerbated her injuries.

Malice has also been demonstrated. Like the element of wilfulness, malice requires a finding of greater culpability that reckless disregard. It requires a separate showing that the actions were targeted at the creditor, to the extent that the conduct is certain or almost certain to cause harm. *In re Long,* 774 F.2d at 881. Again, since a debtor rarely admits to a wrongful intent, the use of objective evidence generally must be utilized to determine whether malice exists. *See id.* A debtor's state of mind is also relevant to ascertain malice. *In re Miera,* 926 F.2d 741 (8th Cir.1991). In the instant case, there is little room for argument that the actions were not directed at Mrs. Stubbs since Stubbs was the only other person present.[2] The Modes drove to Stubbs' house to repossess Stubbs' vehicle. Mrs. Mode drove right over Mrs. Stubbs as Stubbs attempted to halt the Modes' actions. Both Mr. and Mrs. Mode left Mrs. Stubbs lying, and obviously injured, on the ground. All actions were directed at Mrs. Stubbs, and only Mrs. Stubbs. *Cf. Miera* at 745 ("Miera and Johnson were the only individuals in the room

---

**2.** Mrs. Stubbs' elderly father was admittedly in the area but by all accounts made no move toward the vehicle.

when the kiss occurred. In our view, no reasonable person could find under the existing circumstances that Miera intended to inflict an injury on anyone other than Johnson."). Accordingly, Mrs. Stubbs has demonstrated that the Modes acted with malice as required by section 523(a)(6).

As pointed out by the debtors' attorney, the result in this proceeding rests upon the credibility of the witnesses. The Court finds that the debtors are not credible. Indeed, Mrs. Mode contradicts her own testimony within her direct examination. Mr. Mode's testimony in this proceeding is contradicted by his testimony at the criminal proceeding. The Court believes Mrs. Stubbs and finds that the debtors saw her, wilfully caused her injury and acted with malice. Accordingly, it is

**ORDERED** that the debts owed to plaintiff Anita Stubbs by the defendant debtors Joseph Mode and Tammie Mode are determined nondischargeable in this bankruptcy proceeding pursuant to 11 U.S.C. § 523(a)(6). A separate judgment will be entered in accord with this opinion.

**IT IS SO ORDERED.**