In re Lawrence J. FLEMING, Debtor.

Robert J. Mogley, Plaintiff,

v.

Lawrence J. Fleming, Defendant.

Bankruptcy No. 00–51259–293.
Adversary No. 01–4128–293.

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

Nov. 30, 2001.

Lawrence J. Fleming, Steven K. Brown, St. Louis, MO, for Debtor/Defendant.

Alan G. Kimbrell, St. Louis, MO, for Plaintiff.

Leslie A. Davis, Sandberg, Phoenix & Von Gontard PC, St. Louis, MO, trustee.

## *MEMORANDUM OPINION*

DAVID P. MCDONALD, Chief Judge.

In 1998, Plaintiff Robert J. Mogley received a state court judgment for fraudulent misrepresentation against Defendant–Debtor Lawrence J. Fleming. The judgment included an award of punitive damages in the amount of $225,000.00. Mogley filed this adversary proceeding to determine whether the judgment is excepted from discharge under 11 U.S.C. § 523(a)(2)(A). Fleming contends that the judgment, or at a minimum the punitive portion of the judgment, should be discharged. The Court finds that the state court judgment shall be given preclusive effect and the entire judgment is nondischargeable.

## JURISDICTION AND VENUE

This Court has jurisdiction over the parties and subject matter of this proceeding under 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) which the Court may hear and determine. Venue is proper in this District under 28 U.S.C. § 1409.

## PROCEDURAL BACKGROUND

Plaintiff Robert J. Mogley sued his former attorney, Defendant–Debtor Lawrence J. Fleming, in the Circuit Court of the City of St. Louis, State of Missouri, for legal malpractice and fraudulent misrepresentation. Mogley received a judgment from the Circuit Court on April 30, 1998, in the amount of $58,000.00 on the legal malpractice claim and $3,000.00 in actual damages and $225,000.00 in punitive damages on the fraudulent misrepresentation claim. Fleming appealed the case to the Missouri Court of Appeals. On December 7, 1999, the appeals court reversed the trial court's judgment on the malpractice claim but affirmed the judgment for fraud including the award for punitive damages. On March 21, 2000, the Supreme Court of Missouri denied Fleming's application to transfer the case to that court.

On November 9, 2000, Fleming filed a voluntary petition seeking relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. It is not disputed that Mogley's judgment against Fleming in the amount of $3,000.00 in actual damages and $225,000.00 in punitive damages is a debt of the estate. On April 2, 2001, Mogley filed the present adversary proceeding to determine the dischargeability of that judgment. On July 19, 2001, the parties agreed to waive a trial of the matter and agreed to submit the case to the Court on stipulated facts and opposing briefs. On September 14, 2001, the case was fully briefed and submitted.

## FINDINGS OF FACT

The parties submitted a document titled "Stipulation of Facts" which merely lists all of the state court documents involved in the case, including: the jury instructions; the Circuit Court's judgment; the Missouri Court of Appeals judgment; and the Missouri Supreme Court's denial of transfer. The "stipulation" states that all of these documents are true and accurate and may be admitted into the record. The parties submitted copies of these documents for the record. The history of the state case is long and protracted. The pertinent facts of the case, taken from the Missouri Court of Appeals decision and other stipulated documents, are as follows:

1) In 1981, Plaintiff Robert J. Mogley was offered early retirement from his employer, Chicago Title Insurance Company. In order to receive the early retirement benefits, Mogley had to agree to waive any claims he had against Chicago Title, including employment discrimination claims. He accepted the offer, but later, in 1982, Mogley attempted to sue the company for age discrimination in the United States District Court. Mogley was represented by Defendant Lawrence J. Fleming. The case was dismissed with prejudice and the Eighth Circuit affirmed the dismissal.

2) Three years later, in 1985, Mogley asked Fleming to file a wrongful termination case against Chicago Title. Fleming prepared a petition and told Mogley that the case was filed in Edwardsville, Illinois, at the Madison County Court. In the spring of 1986, Fleming gave Mogley a copy of the wrongful termination petition complete with a cause and division number. Mogley paid Fleming approximately $1,090.00.

3) When Mogley and his wife attended purportedly scheduled depositions of Chi-

cago Title employees, Fleming told the couple that Chicago Title had cancelled the depositions. After that incident, Fleming failed to respond to several of Mogley's letters and phone calls. On July 3, 1989, Mogley went to the Madison County Courthouse and discovered that Fleming had never filed the wrongful termination petition.

4) Mogley sued Fleming for legal malpractice and for fraudulent misrepresentation in the Circuit Court of the City of St. Louis. Mogley's wife testified at trial that Fleming told her that the case against Chicago Title had been settled for $280,000.00. She also testified that Fleming said that he had sent releases for the settlement and he gave her a Federal Express number for the mailing. She called Federal Express with the number given to her by Fleming and was told that there was no such mailing number at Federal Express.

5) On April 30, 1998, the jury entered a verdict for Mogley for $58,000.00 on the legal malpractice claim and in the amount of $3,000.00 in actual damages and $225,000.00 in punitive damages on the fraudulent misrepresentation claim. The Circuit Court entered a judgment for these amounts on the same day.

6) Fleming filed an appeal with the Missouri Court of Appeals alleging numerous infirmities with the trial court's judgment. On December 7, 1999, the court of appeals reversed the judgment as to the malpractice claim but affirmed the judgment as to the fraudulent misrepresentation claim including the award of punitive damages on that claim.

7) The Supreme Court of Missouri denied Fleming's application for transfer on March 21, 2000.

### DISCUSSION

Mogley's complaint asks the Court to determine whether his judgment against Fleming is nondischargeable under the 11 U.S.C. § 523(a)(2)(A) exception for fraud. In support of his claim, he offers the Missouri state court's judgment for fraud. Fleming counters that the state court judgment should not be recognized due to constitutional violations by the trial and appellate courts. In the alternative, Fleming asserts that the punitive damages portion of the judgment must be reviewed under the willful and malicious standard of 11 U.S.C. § 523(a)(6) and that Mogley failed to establish the malicious prong of that analysis. The Court will first address Fleming's arguments in favor of dischargeability.

### Rooker—Feldman Doctrine

 Fleming argues that the state court judgment for fraud in this case should not be recognized. Fleming asserts that the state trial court failed to properly instruct the jury on the issue of punitive damages and that the trial court and the court of appeals erred in upholding the punitive damages award. Fleming alleges that the actions of the Missouri courts violated, among other things, the Eighth, Fifth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 2, 3, 10, 15, 19, and 21 of the Constitution of the State of Missouri. In effect, Fleming is asking this Court to sit as a court of appeals to review the decisions issued by the Missouri courts in this case. This type of review is barred by the *Rooker–Feldman* doctrine.

The Eighth Circuit Court of Appeals has described how the *Rooker–Feldman* doctrine prevents the lower federal courts from reviewing state court decisions in *Lemonds v. St. Louis County*, 222 F.3d 488 (8th Cir.2000). The court stated that:

The *Rooker–Feldman* doctrine recognizes that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments. See *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Instead, federal jurisdiction to review most state court judgments is vested exclusively in the United States Supreme Court. See 28 U.S.C. § 1257; *Feldman*, 460 U.S. at 486, 103 S.Ct. 1303.

The *Rooker–Feldman* doctrine forecloses not only straightforward appeals but also more indirect attempts by federal plaintiffs to undermine state court decisions. Thus, a corollary to the basic rule against reviewing judgments prohibits federal district courts from exercising jurisdiction over general constitutional claims that are "inextricably intertwined" with specific claims already adjudicated in state court. See *Feldman*, 460 U.S. at 482 n. 16, 103 S.Ct. 1303; *Fielder v. Credit Acceptance Corp.*, 188 F.3d 1031, 1034 (8th Cir. 1999); *Neal v. Wilson*, 112 F.3d 351, 356 (8th Cir.1997). A general federal claim is inextricably intertwined with a state court judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987) (Marshall, J., concurring). In such cases, "where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceedings as, in substance, anything other than a prohibited appeal of the state-court judgment." *Id.* The state and federal claims need not be identical. See *In re Goetzman*, 91 F.3d 1173, 1177 (8th Cir.1996).

*Lemonds*, 222 F.3d at 492—493.

In order for Fleming to prevail on his allegations that the Missouri state courts violated his constitutional rights, this Court must make a determination that the state trial and appellate courts wrongly decided the issues before them in the fraud case brought by Mogley. Such a review is exactly the kind of interference with the finality of state court decisions that the *Rooker–Feldman* doctrine bars. This Court is without jurisdiction to consider Fleming's collateral attack on the decisions of the Missouri courts in this case. Federal jurisdiction to review these state court judgments is vested exclusively in the United States Supreme Court. Consequently, Flemings arguments attacking the validity of the state courts' actions in this case will not be entertained.

### Dischargeability under 11 U.S.C. § 523(a)(6)

■ Alternatively, Fleming argues that the punitive damages award of the state court judgment should be analyzed under the willful and malicious standard enunciated under 11 U.S.C. § 523(a)(6) to determine whether this award is dischargeable. A hint of support for this argument can be found in a footnote of a 1991 United States Supreme Court case which suggests that "[a]rguably, fraud judgments in cases in which the defendant did not obtain money, property, or services from the plaintiffs and *those judgments that include punitive damages awards* are more appropriately governed by § 523(a)(6)." *Grogan v. Garner*, 498 U.S. 279, 282 n. 2, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)(italics added).

Seven years later, however, the Supreme Court clearly rejected such an analysis and held that establishing an exception to discharge under § 523(a)(2)(A)

automatically excepts from discharge all liability arising from fraud, including an award for punitive damages. *Cohen v. de la Cruz,* 523 U.S. 213, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998). The Court specifically noted that in *Grogan* it left open the question of the proper analysis of the dischargeability of punitive damages awards in fraud cases. *Id.* at 217, 118 S.Ct. 1212. The decision in *Cohen* clearly holds that the Court does not impose a § 523(a)(6) analysis of punitive damages awards in a fraud claim. Rather, it simply held that if the fraud exception is established under § 523(a)(2)(A), then a punitive damages award based on the fraud is also automatically nondischargeable. *Id.* at 223, 118 S.Ct. 1212.

Fleming's argument, therefore, that § 523(a)(6) controls the dischargeability analysis of a punitive damages award in a state court judgment for fraud is in direct conflict with the Supreme Court's decision on the matter. A bankruptcy court need only determine whether a fraud exception under § 523(a)(2)(A) applies to a state court judgment. If it does, then the exception applies equally to any punitive damages award based on the fraud, no further analysis under § 523(a)(6) is necessary or warranted.

Consequently, Fleming's argument that the punitive damages award of Mogley's state court judgment should be discharged because it fails to meet the requirements under § 523(a)(6) is without merit. The punitive damages award of that judgment will not be discharged if the judgment is excepted from discharge under § 523(a)(2)(A). The Court now turns to the question of whether Mogley's state court fraud judgment qualifies for an exception from discharge under § 523(a)(2)(A).

### *Discharge under 11 U.S.C. § 523(a)(2)(A)*

Mogley seeks to have his state court judgment against Fleming for fraudulent misrepresentation declared to be non-dischargeable under § 523(a)(2)(A)[1]. Reduced to its essentials, in order for § 523(a)(2)(A) to be effectually invoked, a creditor must prove the debtor intended to deceive the creditor, the creditor justifiably relied on the debtor's false representation, and that the false representation was material. *Field v. Mans,* 516 U.S. 59, 68, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995). The creditor must establish his case by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 286–287, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

In the present case, a judgment against Fleming for fraudulent misrepresentation has been rendered by a Missouri state court. This Court must determine whether to give that judgment preclusive effect through the doctrine of collateral estoppel in determining if fraud has been established for purposes of the dischargeability action.

Collateral estoppel principles apply in discharge exception proceedings. *Grogan,* 498 U.S. at 285 n. 11, 111 S.Ct. 654. Collateral estoppel is the legal doctrine which bars the relitigation of factual or legal issues that were determined in a prior court action. *In re Miera,* 926 F.2d 741, 743 (8th Cir.1991). When an issue related to a nondischargeability complaint may have already been decided by a state

---

1. Section 523(a)(2)(A) provides an exception to discharge for any debt:
 (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by—
 (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.
 11 U.S.C. § 523(a)(2)(A).

court judgment, the bankruptcy court looks to state law to determine the preclusive effect of that judgment. *In re Scarborough*, 171 F.3d 638, 641 (8th Cir.1999). Collateral estoppel will give a state court judgment preclusive effect in a bankruptcy proceeding if the judgment would preclude relitigation in other courts within the state. *Id.*

■ Missouri courts consider the following four factors to determine if an issue is subject to collateral estoppel: (1) the issues in the present case and the prior adjudication must be identical; (2) the judgment in the prior litigation must be on the merits; (3) the party against whom collateral estoppel is asserted must be the same party or in privy with a party in the prior litigation; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior suit. *Id.* at 641–642 (quotations and citations omitted).

■ The first factor asks whether the issues in the present case and the prior adjudication are identical. In order to establish fraud for purposes of § 523(a)(2)(A), a creditor must prove the following elements by a preponderance of the evidence: 1) the debtor made a representation; 2) the debtor knew the representation was false at the time it was made; 3) the representation was deliberately made for the purpose of deceiving the creditor; 4) the creditor justifiably relied on the representation; and 5) the creditor sustained the alleged loss as the proximate result of the representation having been made. *Universal Bank. N.A. v. Grause (In re Grause)*, 245 B.R. 95, 99 (8th Cir. BAP 2000).

At the close of the state court trial, the jury was provided with instructions which directed the jurors to find that Fleming had committed fraud if the following elements were established: 1) Fleming repre-sented to Mogley that Fleming had filed a wrongful termination suit on Mogley's behalf, intending that Mogley rely on the representation in employing Fleming; 2) the representation was false; 3) Fleming knew that the representation was false; 4) the false representation was material to Fleming's continued employment by Mogley; 5) Mogley relied on the representation by Fleming; and 6) as a direct result of the false representation Mogley was damaged. Based of these elements, the jury entered a verdict for Mogley against Fleming for the tort of fraud.

The Court finds that the elements of Mogley's state court fraud action satisfy the elements for a finding of fraud under § 523(a)(2)(A). The first factor of the doctrine of collateral estoppel has therefore been satisfied in this case because the issues in the present case and the prior adjudication are identical. The Court also finds that the last three factors for the application of collateral estoppel are satisfied because the judgment from the prior litigation was on the merits, the party against whom estoppel is being asserted, Fleming, was the same party in the state court action and, finally, Fleming had a full and fair opportunity to litigate the issue in the prior suit.

Accordingly, the Court finds that, through the doctrine of collateral estoppel, Mogley has established the fraud exception to his state court judgment under § 523(a)(2)(A). Consequently, Mogley's state court judgment, including the punitive damages portion, is excepted from discharge. *See Cohen*, 523 U.S. at 223, 118 S.Ct. 1212.

An Order consistent with this Memorandum Opinion will be entered this date.