# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

00-6073MN

_____

| | | |
|---|---|---|
| In re: Gregory Charles Fors | * | |
| | * | |
| Debtor | * | |
| | * | |
| Connie Lee Johnson | * | |
| | * | |
| Plaintiff - Appellee | * | |
| | * | |
| Darrell Johnson; Chrystie Reid; | * | |
| Tawna Schilling | * | |
| | * | |
| Plaintiffs | * | |
| | * | Appeal from the United States |
| v. | * | Bankruptcy Court for the |
| | * | District of Minnesota |
| Gregory Charles Fors | * | |
| | * | |
| Defendant - Appellant | * | |

_____

Submitted: January 24, 2001
Filed: February 22, 2001

_____

Before KOGER, Chief Judge, SCHERMER and SCOTT, Bankruptcy Judges.

_____

KOGER, Chief Judge.

The appellant, Dr. Gregory Charles Fors, is a chiropractor who lost his license following allegations that he engaged in sexual conduct with several patients and employees, including the plaintiff-appellee, Connie Lee Johnson. Johnson filed a lawsuit against Fors in Minnesota state court seeking to recover

damages. Fors filed for relief under Chapter 7 of the Bankruptcy Code, which stayed the pending state court action. Thereafter, Johnson filed an adversary proceeding requesting a ruling that any damages she obtained in the state court action would be nondischargeable as a willful and malicious injury under 11 U.S.C. § 523(a)(6). After a four-day trial, the bankruptcy court[1] entered judgment in favor of Johnson. Fors timely appeals. We determine that the bankruptcy court committed no reversible error, and affirm.

Background

The parties are quite familiar with the facts of this case, and, accordingly we will discuss the facts only as they are necessary to our decision. At the close of trial, the bankruptcy court ruled from the bench stating:

> Based on the testimony presented in this proceeding, based upon the documents that were received into evidence and reviewed, based upon the testimony out of Court but admitted by way of depositions, and with due regard for the legal arguments of counsel, the Court makes the following findings.
> The defendant, Gregory Fors, used his substantial power inherent in his position as a publicly licensed practicing chiropractic care provider to create and control an environment for the purpose of enabling systematic targeting for sexual exploitation selected women patients who sought chiropractic treatment from him. The defendant, Gregory Fors, targeted the plaintiff Connie Johnson as his patient and employee and using the substantial power of his position as her medical care provider and employer caused her to become inappropriately physically, emotionally, psychologically and financially dependent upon him for the specific purpose of making her sexually submissive and subservient to him to satisfy his personal sexual and other needs and desires.
> The defendant, Gregory Fors' conduct in this regard was intentional in the sense that it was knowing and headstrong. The defendant, Gregory Fors' conduct in this regard was malicious in that it was undertaken with the knowledge, the understanding and with the purpose that the conduct would harm the plaintiff Connie Johnson by rendering her inappropriately sexually submissive and subservient to him to satisfy his personal sexual and other needs and desires.
> Pertaining to and influencing all of the foregoing findings are these general findings. A) the defendant, Gregory Fors, well understood the dynamic of the chiropractic provider patient relationship, the prohibition of sexual conduct and/or sexual relationship by a

---

[1] The Honorable Dennis D. O'Brien, Chief Judge, United States Bankruptcy Court for the District of Minnesota.

2

licensed chiropractic provider with his patients as a condition of the privilege to practice chiropractic care, and that he well understood that a major purpose of the prohibition is to protect patients such as the plaintiff Connie Johnson, whatever her own particular issues with respect to dependency, with respect to marital status or situation and domestic relations, and any other psychological or physical issues that might be involved with her; that a major purpose of the prohibition is to protect patients such as this plaintiff who necessarily come under the professional influence and control of chiropractic care providers in their successful professional treatment.

And B) the testimony of Rebecca Hoffman, Tammy Rustand Bird and the plaintiff Connie Johnson regarding the conduct of the defendant, Gregory Fors, toward and with respect to them was credible. Conflicting testimony of the defendant regarding these same matters was not.

Accordingly any debt of the defendant-debtor, Gregory Fors, to the plaintiff Connie Johnson that might result from the defendant's willful and malicious conduct as heretofore found and described is not dischargeable under 11 USC 523(a)(6) and the plaintiff Connie Johnson is entitled to judgment of nondischargeability accordingly.

Subsequently, the bankruptcy court entered a short order memorializing his bench ruling.

On appeal, Fors contends that in determining that his conduct satisfied the willful and malicious standard of section 523(a)(6), the bankruptcy court erred by disregarding the affirmative defense that Johnson consented to a sexual relationship; by erroneously applying a reckless disregard standard to section 523(a)(6); and by improperly relying upon Fors' violation of the Minnesota statutory prohibition against sexual conduct between a chiropractor and patient as conclusive evidence of malice, or, in other words, by wrongly adopting a *per se* rule of "malice". Fors also asserts that the record on appeal does not support either the bankruptcy court's finding that Fors established an environment to satisfy his own sexual needs and desires without any regard to the interests of Johnson or others, or the bankruptcy court's findings regarding witness credibility.

Standard of Review

The bankruptcy appellate panel reviews "the bankruptcy court's findings of fact under the clearly erroneous standard and consider[s] legal issues de novo." Snyder v. Dewoskin (In re Mahendra), 131 F.3d 750, 754 (8th Cir. 1997)(citing Gourley v. Usery (In re Usery), 123 F.3d 1089, 1093 (8th Cir. 1997)). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed."

Anderson v. Bessemer City, 470 U.S. 564, 573, 105 S. Ct. 1504, 1511, 84 L. Ed. 2d 518 (1985)(quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S. Ct. 525, 542, 92 L. Ed. 746 (1948)). "The bankruptcy court's determination of whether a party acted willfully and maliciously inherently involves inquiry into and finding of intent, which is a question of fact." Waugh v. Eldridge (In re Waugh), 95 F.3d 706, 710 (8th Cir. 1996)(citation omitted). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Id. at 712 (citation and internal quotation marks omitted). Further, "due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed. R. Bankr. P. 8013. "If the bankruptcy court's account of the evidence is plausible in light of the entire record viewed, it must be upheld even though we may have weighed the evidence differently had we been sitting as the trier of fact." Forbes v. Forbes (In re Forbes), 215 B.R. 183, 187 (B.A.P. 8th Cir. 1997)(citing Anderson, 470 U.S. at 573-74, 105 S. Ct. at 1511).

Discussion

Section 523(a)(6) of the Bankruptcy Code provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt –
. . . .
(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

11 U.S.C. § 523(a)(6).

In the Eighth Circuit, case law interpreting the meaning of "willful" and "malicious" in section 523(a)(6), as modified by Kawaauhau v. Geiger, 523 U.S. 57, 118 S. Ct. 974, 140 L. Ed. 2d 90 (1998), is well developed. In Hobson Mould Works, Inc. v. Madsen (In re Madsen), 195 F.3d 988, 989 (8th Cir. 1999), the Eighth Circuit Court of Appeals opined:

Under section 523(a)(6), a debtor is not discharged from any debt for "willful and malicious injury" to another. For purposes of this section, the term willful means deliberate or intentional. See Kawaauhau v. Geiger, 523 U.S. 57, 61, 118 S. Ct. 974, 140 L. Ed. 2d 90 (1998)(§ 523(a)(6) requires deliberate or intentional injury); In re Long, 774 F.2d 875, 881 (8th Cir. 1985)(to meet willfulness component of § 523(a)(6), debtor's actions creating liability must have been "headstrong and knowing").

4

In Johnson v. Miera (In re Miera), 926 F.2d 741, 743-44 (8th Cir. 1991), the Eighth Circuit stated:

In In re Long, 774 F.2d 875, 880-81 (8th Cir. 1985), we recognized that the elements of "willfulness" and "malice" differed under section 523(a)(6). We stated that malice must apply to a heightened level of culpability which goes beyond recklessness if it is to have a meaning independent of willful. Id. at 881. We then defined "willful" as "headstrong and knowing" conduct and "malicious" as conduct "targeted at the creditor . . . at least in the sense that the conduct is certain or almost certain to cause . . . harm." Id.

In Kawaauhau v. Geiger, 523 U.S. 57, 61-62, 118 S. Ct. 974, 977, 140 L. Ed. 2d 90 (1998), the United States Supreme Court addressed the meaning of the word "willful" in section 523(a)(6) and teaches that:

The word "willful" in (a)(6) modifies the word "injury," indicating that nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional act that leads to injury. . . . Moreover, as the Eighth Circuit observed, the (a)(6) formulation triggers in the lawyer's mind the category "intentional torts," as distinguished from negligent or reckless torts. Intentional torts generally require that the actor intend "the *consequences* of an act," not simply "the act itself." Restatement (Second) of Torts § 8A, comment a, p. 15 (1964)(emphasis added).

A plaintiff need only prove nondischargeability under section 523(a)(6) by a preponderance of the evidence. See Fischer v. Scarborough (In re Scarborough), 171 F.3d 638, 641 (8th Cir. 1999), cert. denied, 120 S. Ct. 330, 145 L. Ed. 2d 258 (1999).

1) Allegation that the bankruptcy court disregarded consent evidence offered as a defense

Fors asserts that the bankruptcy court erred as a matter of law by improperly disregarding evidence he offered at trial that Johnson consented to the sexual relationship. During trial, Fors admitted that he engaged in a two-and-a-half year sexual relationship with Johnson that began while she was a patient and continued when she became an employee of his chiropractic clinic, and he testified regarding the reasons for his belief that Johnson had consented to the relationship. There is nothing in the record on appeal that shows the bankruptcy court prohibited, rejected or disregarded any evidence of consent offered by Fors as a defense. The bankruptcy court admitted all testimony regarding the issue of consent, whether introduced by Fors or by Johnson. The court chose to believe Johnson's testimony, which was bolstered

by the testimony of another witness who had had a similar experience with Fors, that she felt she had lost her free will and felt she had no choice but to succumb to Fors' sexual advances and engage in a sexual relationship with him.

2) Allegation that the bankruptcy court wrongfully applied a willful or reckless disregard standard to 11 U.S.C. § 523(a)(6)

Fors contends that the bankruptcy court improperly applied a willful or reckless disregard standard to determine willful and malicious conduct under 11 U.S.C. § 523(a)(6). Fors is correct that the reckless disregard standard has been rejected by both the Eighth Circuit and the Supreme Court. However, the record before us does not support Fors' assertion that the bankruptcy court applied the incorrect standard to determine willful and malicious conduct. Fors admitted that he was aware of the Minnesota statutory prohibition against a chiropractor engaging in sexual conduct with a patient, and admitted that he had taken continuing education courses since graduating from chiropractic school regarding appropriate boundaries between chiropractor and patient. Fors also understood that it was important to maintain appropriate boundaries between himself and his patients. However, Fors chose to ignore the prohibition and instead opted to pursue a sexual relationship with Johnson while she was a patient, and later while she was an employee. The evidence shows that Fors engaged in an intentional and deliberate course of action, and that there was nothing accidental or merely reckless about his behavior. Fors' conduct was headstrong and knowing, and targeted at Johnson in a manner that was certain or almost certain to cause her harm. See Johnson v. Miera (In re Miera), 926 F.2d at 743-44. Contrary to Fors' assertions, "[t]he malice standard does not require spite, ill will, or a personal animosity." Erickson v. Roehrich (In re Roehrich), 169 B.R. 941, 945 (Bankr. D.N.D. 1994). "A wrongful act is malicious if . . . there exists a 'knowing wrongfulness or knowing disregard of the rights of another.'" Id. (citation omitted). An act may be found to be malicious even in the absence of a specific, subjective intent to injure. Id. We determine that the bankruptcy court applied the correct standard to determine whether Fors engaged in "willful" and "malicious" conduct within the meaning of section 523(a)(6).

3) Allegation that the bankruptcy court wrongly adopted a *per se* rule of "malice"

The Minnesota statute governing the revocation of a chiropractor's license states in relevant part that:

> **Subdivision 1. Grounds.** The state board of chiropractic examiners may refuse to grant, or may revoke, suspend, condition, limit, restrict or qualify a license to practice chiropractic, or may cause the name of a person licensed to be removed from the records in the office of the court administrator of the district court for:
>
>        . . . .
>  (11) Unprofessional conduct.
>
>        . . . .
>  For the purposes of clause (11), unprofessional conduct means any unethical, deceptive or deleterious conduct or practice harmful to the public, any departure from or the failure to conform to the minimal standards of acceptable chiropractic practice, or a willful or careless disregard for the health, welfare or safety of patients, in any of which cases proof of actual injury need not be established. Unprofessional conduct shall include, but not be limited to, the following acts of a chiropractor:
>
>        . . . .
>  (b) Engaging in conduct with a patient that is sexual or may reasonably be interpreted by the patient as sexual, or in any verbal behavior that is seductive or sexually demeaning to a patient.

Minn. Stat. Ann. § 148.10.1 (West 2000).

Fors contends that the bankruptcy court relied only upon his violation of this statute as conclusive evidence of malice, thereby improperly adopting a *per se* rule of "malice." Fors asserts first that the record does not support a finding that he violated the statute, and second that the violation of the statute alone is not enough to support the bankruptcy court's finding of malicious intent.

We find that the bankruptcy court had sufficient evidence from which to conclude that Fors violated section 148.10.1 of the Minnesota statutes. In her Complaint to Determine Dischargeability of Debt, Johnson alleged that the Minnesota Board of Chiropractic Examiners revoked Fors' chiropractic license pursuant to Minn. Stat. Ann. § 148.10.1. In his Answer, Fors admitted that the Minnesota Board of Chiropractic Examiners had revoked his license. The order issued by the Minnesota Board of Chiropractic Examiners was admitted at trial, over objection by Fors' counsel who contended that the order revoking Fors' license was only relevant to show that Fors' had violated chiropractic rules, but had no relevance to

7

any *per se* theory of malice. Johnson did not include this exhibit in the record on appeal. However, Fors admitted at trial that it was improper and unprofessional for him to engage in a sexual relationship with Johnson; that Johnson, along with several other women, had filed a complaint against him with the Minnesota Board of Chiropractic Examiners; that he invoked his 5th Amendment privilege and chose not to testify at the hearing held before the Minnesota Board of Chiropractic Examiners; that the Minnesota Board of Chiropractic Examiners revoked his license in May of 1997; that he was sanctioned by the Minnesota Board of Chiropractic Examiners because he engaged in sexual conduct with his patients; and that he deserved to be disciplined for his conduct and have his license suspended, but not revoked because another chiropractor "with his five affairs" only received a suspension.

Next, we find no support for Fors' assertion that the bankruptcy court relied only upon his violation of section 148.10.1 of the Minnesota statutes as grounds for finding malicious intent. Here, in addition to the evidence that Fors knowingly violated section 148.10.1 of the Minnesota statutes when he targeted Johnson for sexual favors, the record is replete with evidence that supports the bankruptcy court's finding of malicious intent. The bankruptcy court listened to other former patients and/or employees who testified that Fors' engaged in varying degrees of sexual conduct with them. Johnson and the other witnesses testified about the damaging affect Fors' conduct had upon them. Fors testified that after he graduated from chiropractic school, he took continuing education classes addressing boundary issues. Fors understood the importance of maintaining appropriate boundaries between chiropractor and patient. Fors admitted that he engaged in sexual conduct with Fors and other women, with the knowledge that it was improper and unprofessional to do so.

Finally, the bankruptcy court did not err by considering Fors' violation of the statute as evidence of malicious intent. The Eighth Circuit in Long and Miera sanctioned the use of circumstantial evidence to determine whether a debtor acted with malicious intent. In Barclays American/Business Credit, Inc. v. Long (In re Long), 774 F.2d 875, 881 (8th Cir. 1985)(footnote and citations omitted), the Eighth Circuit opined that "[w]hile intentional harm may be very difficult to establish, the likelihood of harm in an objective sense may be considered in evaluating intent. Use of objective information to ascertain intent to cause harm is by no means unfamiliar." In Johnson v. Miera (In re Miera), the Eighth Circuit stated that "circumstantial evidence of the debtor's state of mind [can] be used to ascertain whether malice existed." Miera, 926 F.2d at 744.

8

Further, in <u>Knight Kitchen Music v. Pineau (In re Pineau)</u>, 149 B.R. 239, 244-45 (D. Me. 1993)(citations omitted), the district court determined that a debtor's violation of a federal copyright law known to the debtor "was an 'aggravating feature which evinces a voluntary willingness to inflict injury'" within the sphere of section 523(a)(6). In <u>Norton v. Dean (In re Dean)</u>, 79 B.R. 659 (Bankr. N.D. Tex. 1987), the bankruptcy court considered, among other evidence, the debtor's violation of a Texas statute and Texas Department of Human Resources rules prohibiting a social worker from engaging in sexual conduct with a client as circumstantial evidence of malice for purposes of section 523(a)(6). In <u>Gee v. Hammond (In re Gee)</u>, 173 B.R. 189 (B.A.P. 9th Cir. 1994), the Ninth Circuit Bankruptcy Appellate Panel considered evidence that the debtor had violated a Washington state sex discrimination statute when affirming the bankruptcy court's finding that the debtor had maliciously injured the plaintiff within the meaning of section 523(a)(6). In <u>Avery v. Sotelo (In re Sotelo)</u>, 179 B.R. 214 (Bankr. S.D. Cal. 1995), the bankruptcy court considered the debtor's violation of the California Fair Employment & Housing Act, as well as his violation of Title VII of the Civil Rights Act of 1964, as evidence of his malicious intent under section 523(a)(6). In <u>Liccio v. Topakas (In re Topakas)</u>, 202 B.R. 850 (Bankr. E.D. Pa. 1996), <u>aff'd</u>, 1997 WL 158197 (E.D. Pa. 1997), the bankruptcy court considered evidence that the debtor had violated Title VII of the Civil Rights Act of 1964 in making a determination regarding malice under section 523(a)(6).[2]

As the foregoing cases show, it is permissible for a bankruptcy court to consider circumstantial evidence that a debtor violated a relevant statute, along with other pertinent evidence, when making a factual determination regarding malicious intent. The bankruptcy court properly considered Fors' violation of the Minnesota statutory prohibition against a chiropractor engaging in sexual conduct with a patient as circumstantial evidence of his malicious intent. Such evidence, along with the additional evidence admitted at trial regarding this issue, adequately supports the bankruptcy court's finding that Fors acted with malicious intent.

---

[2] In her brief, Johnson relies on <u>Oregon Ford, Inc. v. Clayburn (In re Clayburn)</u>, 67 B.R. 522 (Bankr. N.D. Ohio 1986), for the proposition that a debtor's violation of a law is sufficient, in and of itself, to constitute malice under section 523(a)(6). However, that case was reversed by <u>Oregon Ford, Inc. v. Claburn</u>, 89 B.R. 629 (N.D. Ohio 1987).

4. Allegation that the record on appeal does not support the bankruptcy court's finding that Fors established an environment to satisfy his own sexual needs and desires without any regard to the interests of Johnson or others

Fors asserts that the record on appeal does not support the bankruptcy court's finding that he established an environment to satisfy his own sexual needs and desires without any regard to the interests of Johnson or others. We find it unnecessary to discuss the lurid details of Fors' various sexual encounters with his patients and/or employees of which several witnesses testified during the course of the four-day trial of this matter. We have carefully read the 661-page trial transcript, and determine that the record on appeal more than amply supports the bankruptcy court's factual findings on this issue. Further, the bankruptcy court's factual findings on this matter, along with the other evidence admitted at trial, support the determination that Fors engaged in willful and malicious conduct under section 523(a)(6).

5. Allegation that the record does not support the bankruptcy court's findings regarding witness credibility

The bankruptcy court found that the testimony of Rebecca Hoffman, Tammy Rustand Bird and Connie Johnson regarding the conduct of Fors toward and with respect to them was credible, and that Fors' conflicting testimony at trial was not credible regarding these same matters. Fors argues that the record does not support the bankruptcy court's finding on witness credibility, and more particularly asserts that the testimony of Johnson and another witness, Tammy Rustand Bird, was outrageously implausible and wholly unsupported by other corroborative evidence.

As the trier of fact, it is the burden of the bankruptcy court to assess the credibility of the witnesses as well as the sufficiency of the evidence. See In re Interco Inc., 211 B.R. 667, 682 (Bankr. E.D. Mo. 1997). The bankruptcy court's impression of the credibility of the witnesses is entitled to great weight. See In re Barber, 95 B.R. 684, 688 n.14 (Bankr. W.D. Mo. 1988). Due regard must be given to the opportunity of the bankruptcy judge to assess the credibility of the witnesses. See In re Financial Corp., 1 B.R. 522, 525 (W.D. Mo. 1979), aff'd, 634 F.2d 404 (8th Cir. 1980); Fed. R. Bankr. P. 8013. "'[O]nly the trial judge can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said.'" In re McConnehea, 96 B.R. 121, 124 (S.D. Ohio 1988) (quoting Anderson v. City of Bessemer City, 470 U.S. 564, 574-75, 105 S. Ct. 1504, 1512, 84 L. Ed. 2d 518 (1985)).

Here, the evidence in the record on appeal supports the bankruptcy court's credibility determinations. See Waugh, 95 F.3d at 711. Each of the three women testified regarding her individual experience with Fors, and stated that Fors pursued her in a sexual manner to a varying degree of success, from touching one woman's breasts to engaging in sexual intercourse with two of the women. The women's stories were consistent in many aspects, and their testimony reveals that Fors engaged in a pattern of conduct whereby he pursued his patients seeking sexual favors. The bankruptcy court did not err by disbelieving Fors' testimony and determining the three named women's testimony to be credible.

Finally, a bankruptcy court's disbelief of a debtor/defendant's testimony in a section 523(a)(6) matter properly can be used to support a finding that the debtor acted maliciously. See Topakas, 202 B.R. at 852, 862.

In sum, we affirm the ruling of the bankruptcy court that any damages recovered by Johnson in her pending state court lawsuit are nondischargeable under 11 U.S.C. § 523(a)(6). The fact that a reviewing authority might have reached a different conclusion on the evidence presented is not sufficient for reversal. The bankruptcy court committed no errors of law, nor are we left with a definite and firm conviction that a mistake has been committed.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL,
EIGHTH CIRCUIT