# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

————————

No. 02-6049 WA

————————

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Loy Claudie Logue and | * | |
| Bettina Dian Logue, | * | |
| | * | |
| Debtors. | * | |
| | * | |
| Jerome Johnson, | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| Plaintiff-Appellant, | * | Western District of Arkansas |
| | * | |
| v. | * | |
| | * | |
| Loy Claudie Logue and | * | |
| Bettina Dian Logue, | * | |
| | * | |
| Defendants-Appellees. | * | |

————————

Submitted: April 29, 2003
Filed: June 16, 2003

————————

Before KRESSEL, Chief Judge, SCHERMER and FEDERMAN, Bankruptcy
Judges

SCHERMER, Bankruptcy Judge

Jerome Johnson ("Johnson") appeals from the bankruptcy court[1] order declining to except from discharge the indebtedness of Debtor Loy Logue ("Debtor") to Johnson. We have jurisdiction over this appeal from the final order and judgment of the bankruptcy court. *See* 28 U.S.C. § 158(b). For the reasons set forth below, we affirm.

ISSUE

The issue on appeal is whether the bankruptcy court properly determined that the Debtor's indebtedness to Johnson is not malicious within the ambit of 11 U.S.C. § 523(a)(6) which excludes from discharge debts for willful and malicious injury. We conclude that the bankruptcy court properly determined that the indebtedness should not be excepted from discharge as a debt for willful and malicious injury.

BACKGROUND

On March 21, 2001, the Debtor executed a promissory note in favor of McIlroy Bank and Trust ("Bank") in the amount of $38,085.51 with a maturity date of May 21, 2001. Johnson co-signed the promissory note. The indebtedness was secured by 100 head of cattle and two cattle trailers. The security agreement contained a sales restriction which required the Debtor to use the Washington County Livestock Auction (the "Designated Auction") if he desired to sell any of the secured cattle.

On May 21, 2001, the note and security agreement were renewed for an additional two months. On July 21, 2001, the Debtor defaulted on the note. The Bank made demand on the Debtor to turn over the remaining cattle. The Debtor did

_____

[1]The Honorable Robert F. Fussell, United States Bankruptcy Judge for the Eastern and Western Districts of Arkansas.

not turn over any cattle at that time. The Bank then made demand on Johnson who paid off the note in the amount of $38,865.05 on July 28, 2001. The Bank assigned the note and security agreement to Johnson.

On September 20, 2001, the Debtor and his wife, Bettina Logue filed a petition for relief under Chapter 13 of the Bankruptcy Code. Their case was subsequently converted to Chapter 7.

Nine days after execution of the promissory note in favor of the Bank, the Debtor began selling secured cattle at livestock auctions other than the Designated Auction. The Debtor continued this practice after filing bankruptcy until Johnson obtained possession of the remaining cattle on December 28, 2001, pursuant to order of the Bankruptcy Court.

Johnson filed a complaint seeking a determination that the Debtor's indebtedness to him as assignee of the Bank constitutes a debt for willful and malicious injury which should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(6).[2] The Bankruptcy Court determined that Johnson satisfied the willful prong of the test but failed to establish malice. Johnson appeals the conclusion that the debt is not for a malicious injury.

## STANDARD OF REVIEW

The determination of whether a party acted maliciously inherently involves inquiry into and finding of intent, which is a question of fact. *Waugh v. Eldridge (In re Waugh)*, 95 F.3d 706, 710 (8th Cir. 1996); *Johnson v. Fors (In re Fors)*, 259 B.R. 131, 135 (B.A.P. 8th Cir. 2001). Questions of fact are reviewed under the clearly

---

[2]Johnson filed the complaint against the Debtor and his co-debtor wife. The bankruptcy court dismissed the wife at trial.

erroneous standard and are not to be reversed unless after reviewing the record the appellate court is left with the definite and firm conviction that a mistake has been committed. *Waugh*, 95 F.3d at 711; *Barclays Am./Bus. Credit, Inc. v. Long (In re Long)*, 774 F.2d 875, 877 (8th Cir. 1985); *Fors*, 259 B.R. at 135. Due deference shall be given to the opportunity of the trier of fact to judge the credibility of the witnesses. *Fors*, 259 B.R. at 136; *Tri-County Credit Union v. Leuang (In re Leuang)*, 211 B.R. 908, 909 (B.A.P. 8th Cir. 1997). Where the evidence is susceptible to two permissible views, the trial court's choice between the two cannot be clearly erroneous. *Fors*, 259 B.R. at 135-36. If the trial court's account of the evidence is plausible in light of the entire record, an appellate court cannot substitute its judgment for that of the trier of fact. *Id.* at 136.

## DISCUSSION

Pursuant to 11 U.S.C. § 523(a)(6), a discharge does not discharge an individual from a debt for willful and malicious injury. In this context, the term willful means deliberate or intentional. *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S.Ct. 974, 977 (1998); *Hobson Mould Works, Inc. v. Madsen (In re Madsen)*, 195 F.3d 988, 989 (8th Cir. 1999); *Fischer v. Scarborough (In re Scarborough)*, 171 F.3d 638, 641 (8th Cir. 1999), *cert. denied*, 528 U.S. 931, 120 S.Ct. 330 (1999); *Johnson v. Fors (In re Fors)*, 259 B.R. 131, 136 (B.A.P. 8th Cir. 2001). The injury, and not merely the act leading to the injury, must be deliberate or intentional. *Geiger*, 523 U.S. at 61-62, 118 S.Ct. 977. Malice requires conduct which is targeted at the creditor, at least in the sense that the conduct is certain or almost certain to cause financial harm. *Madsen*, 195 F.3d at 989; *Scarborough*, 171 F.3d at 641; *Waugh v. Eldridge (In re Waugh)*, 95 F.3d 706, 711 (8th Cir. 1996); *Barclays AM./Bus. Credit, Inc. v. Long (In re Long)*, 774 F.2d 875, 881 (8th Cir. 1985); *Fors*, 259 B.R. at 136.

In order to except a debt from discharge under 11 U.S.C. § 523(a)(6), the plaintiff must establish by a preponderance of the evidence that the debt arises from

an injury which is both willful and malicious. *Grogan v. Garner*, 489 U.S. 279, 111 S.Ct. 654 (1991); *Scarborough*, 171 F.3d at 641; *Fors*, 259 B.R. at 136. Here, the Bankruptcy Court determined that Johnson established that the debt was for a willful injury but failed to establish that it was for a malicious injury. The issue of willfulness was not appealed. Consequently, the sole issue on appeal is whether the debt was for a malicious injury.

Malice requires conduct more culpable than that which is in reckless disregard of the creditor's economic interests and expectancies. *Long*, 774 F.2d at 881. The debtor's knowledge that he or she is violating the creditor's legal rights is insufficient to establish malice absent some additional aggravated circumstances. Conduct which is certain or almost certain to cause financial harm to the creditor is required. While intentional harm may be difficult to establish, the likelihood of harm in an objective sense may be considered in evaluating intent. *Id*.

In the context of the breach of a security agreement, a willful breach is not enough to establish malice. *Phillips*, 882 F.2d at 305; *Long*, 774 F.2d at 882. As the Eighth Circuit Court of Appeals stated:

> Debtors who willfully break security agreements are testing the outer bounds of their right to a fresh start, but unless they act with malice by intending or fully expecting to harm the economic interests of the creditor, such a breach of contract does not, in and of itself, preclude a discharge.

*Long*, 774 F.2d at 882. A debtor's retention of proceeds of sales of collateral, while clearly a breach of a security agreement, is not enough to establish malice. Where a debtor has used the proceeds in an attempt, albeit unsuccessful one, to keep a business afloat, malice may not necessarily be inferred from the debtor's conduct. *Phillips*, 882 F.2d at 305; *Long*, 774 F.2d at 882.

Here, the Bankruptcy Court acknowledged that the Debtor sold collateral other than in accordance with the security agreement. The Debtor sold cattle at auctions other than the Designated Auction. The Debtor testified that he sold the cattle at different auctions to maximize price.

The Debtor also testified that he used the sales proceeds to feed and maintain the remaining herd rather than delivering the proceeds to the Bank. Johnson asserts that the Debtor did not use all proceeds to maintain the herd and that such use is evidence of malice in this context. The Debtor produced cancelled checks and receipts accounting for most but not all of the sales proceeds. Johnson did not present any evidence that the Debtor used the sales proceeds other than in conjunction with his business. The Bankruptcy Court found that the amount for which the Debtor could not account was *de minimis*.

The use of some proceeds of another's collateral to directly benefit oneself while also benefitting the business as a whole is not necessarily enough to render the actions malicious. *Phillips*, 882 F.2d at 305; *Long*, 774 F.2d at 882. Furthermore, a debtor's inability to account for every penny of the proceeds does not necessarily equate to malice. Here the Debtor explained the use of the proceeds and accounted for most of the money with documentary evidence. Additionally, the Debtor's pattern of selling the cattle in batches bolsters the Debtor's assertions that he was attempting to maximize proceeds and was using the proceeds as needed to maintain the remaining herd.

Johnson also argues that the Debtor failed to diligently pursue other financing options. While efforts to maintain a business, including efforts to obtain alternate financing, may be evidence of lack of malice, the converse is not necessarily true. A lack of diligent efforts to obtain alternate financing is not necessarily evidence of malice nor was that the situation here. The Debtor testified that he sought refinancing as late as September 11, 2001, and received the Bank's response denying his request

on September 14, 2001. Shortly thereafter the Debtor filed bankruptcy. An ill-fated reorganization effort which quickly collapses is not necessarily a "sham or hopeless from the beginning" and can be evidence of an intent, albeit unfulfilled, to benefit the creditor. *Long*, 774 F.2d at 882.

Taken as a whole, we cannot say that the evidence does not support the Bankruptcy Court's finding that the Debtor did not act with malice. Accordingly, the Bankruptcy Court's order and judgment should be affirmed.

CONCLUSION

The Bankruptcy Court properly weighed the evidence as a whole and concluded that Johnson failed to meet his burden of establishing malice on the part of the Debtor. Accordingly, the Debtor's indebtedness to Johnson should not be excepted from discharge pursuant to 11 U.S.C. § 523(a)(6). Accordingly, we AFFIRM.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE EIGHTH CIRCUIT

7