In Re: Debra D. D'AMATO, and Jeffrey A. D'Amato, Debtors.

Jeff Jamrose et. al., Plaintiffs,

v.

Debra D. D'Amato, and Jefffrey A. D'Amato, Defendants.

Bankruptcy No. 02–47433–659.
Adversary No. 02–4285–659.

United States Bankruptcy Court, E.D. Missouri, Eastern Division.

Sept. 21, 2005.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

KATHY A. SURRATT–STATES, Bankruptcy Judge.

The matter before the Court is a Motion for Summary Judgment of Plaintiffs Jamrose et al. seeking to have Debtors' debt to Plaintiffs deemed nondischargeable under Section 523(a)(6) and Memorandum of Law In Support of Motion for Summary Judgment of Plaintiffs Jamrose et al. Debtors filed a Motion in Opposition of Summary Judgment and a Memorandum of Law in Opposition to Plaintiffs' Motion for Summary Judgment. The Court, having reviewed the record as a whole, makes the following FINDINGS OF FACT:

The Better Business Bureau ("BBB") is the owner and registrant of certain proprietary and federally registered service trademarks in the name "Better Business Bureau," the initials "BBB," and a "BBB torch logo." The BBB establishes general policies under which member BBBs are licensed to use these trademarks. The BBB has continuously and extensively used these trademarks for many years. Among the activities performed by member BBBs is the compilation and reporting of business complaints. Consumers are allowed to file complaints with a member BBB about the advertising, sales practices, services, or products of a business. The member BBB records the complaint information, notifies the business, and requests a response. A summary of this complaint information is compiled into BBB reliability reports, which are made available to consumers considering a transaction with the business.

BBB reports generally identify either a summary of the company's complaint history or the total number of complaints resolved, disputed, and not responded to for the last three (3) calendar years. A business with an exceptionally large number of complaints, with a particular pattern of complaints or having regulatory action taken against it can have a customized written or oral report that will further identify information about the business. The consuming public recognizes the BBB name and trademarks and relies upon and trusts the information obtained in BBB reports when making purchases.

Bailey & Associates, Inc., is an Illinois corporation, operating under a variety of subsidiary companies and fictitiously named businesses, including Winner's Circle of Chicago, Inc. and New Horizons (hereinafter "New Horizons"). New Horizons was in the business of marketing and selling travel club memberships to consumers in several states. To generate sales of these memberships, New Horizons conducted promotional sweepstakes or prize giveaways using forms completed or mailed to consumers, sent direct mail solicitations to consumers, targeted telephone solicitations to consumers, and conducted membership sales meetings with consumers.

Debtors Jeffrey D'Amato (hereinafter "Mr. D'Amato") and Debra D'Amato (hereinafter "Mrs. D'Amato") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on July 8, 2002. Mr. D'Amato was first general manager of the sales office and then national vice-president of sales for New Horizons in St. Louis, Missouri. Mrs. D'Amato was first assistant manager, then general manager of sales for New Horizons in St. Louis, Missouri. Mr. and Mrs. D'Amato (collectively "Debtors" or "Defendants") knowingly used fraudulent BBB reports to sell memberships many times over many years as a normal business practice.[1] It is undisputed that neither Debtors nor New Horizons were given a license, authorization, permission, or consent to use BBB reports in their marketing efforts.[2] Furthermore, Debtors failed to make customers aware of pending BBB complaints made by current New Horizons members. Instead, Debtors continued to use the fraudulent BBB reports to attract new members.

Plaintiffs Jeff and Estela Jamrose, and all other similarly situated Plaintiffs (hereinafter "Plaintiffs") in this adversary proceeding, seek a summary judgment ruling pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, as incorporated by Rule 7056(c) of the Federal Rules of Bankruptcy Procedure. Plaintiffs claim that the debt owed by Debtors is nondischargeable for fraud. Plaintiffs further claim that there are no genuine issues of material fact regarding the debt owed by Debtors to Plaintiffs, which arose from Debtors' willful and malicious injury to Plaintiffs' property.

Plaintiffs aver that Debtors are precluded by collateral estoppel from disputing that they wrongfully and maliciously used, and permitted and directed their subordinates to use, counterfeit BBB reports to sell memberships to New Horizon customers. Plaintiffs claim that these undisputed facts establish that Defendants wrongfully and maliciously used, permitted, and directed subordinates to use deceptive sales procedures and make material false statements in their sales presentations to induce Plaintiffs to purchase memberships. Therefore, Plaintiffs aver that summary judgment is appropriate to preclude Debtors from discharging Plaintiffs' claim in bankruptcy.

Debtors aver that said allegations are not applicable to the issues before this Court as it relates to nondischargeability, so collateral estoppel should not be used offensively to preclude Debtors from litigating this matter. Debtors also allege that they did not have an adequate opportunity to investigate allegations brought against them in preceding lawsuits since Debtors failed to retain legal representation. Debtors further aver that there are issues of material fact as to whether individual consumer complaints were personally made against Debtors regarding the function of the product. Debtors also aver that there are issues of material fact as to whether Debtors were under the control of New Horizons when they failed to make changes to the sales presentation as instructed by their employer, New Horizons. Therefore, Debtors aver that summary judgment is not appropriate. The Court has weighed the merits of each argument based on the available evidence and reaches a decision below.

1. *Council of Better Business Bureaus, Inc. v. Bailey & Associates, Inc.*, No. 4:00–CV–1236 CAS, pages 14–15 (E.D.Mo.2002) (unpublished opinion).

2. *Id.* at 17.

## JURISDICTION

The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 151, 157, and 1334 (2002), and Local Rule 81–9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) (2002). Venue is proper under 28 U.S.C. § 1409(a) (2002).

## CONCLUSIONS OF LAW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. BANKR. P. 7056(c) (2002). Since summary judgment is necessarily intertwined with the application of collateral estoppel in this case, the collateral estoppel issue will be decided first.

■ The doctrine of collateral estoppel provides that, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308, 313 (1980) (citing *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210, 217 (1979)). The preclusion of "parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana,* 440 U.S. at 153–54, 99 S.Ct. at 973–74, 59 L.Ed.2d at 217.

■ The Supreme Court has "eliminated the requirement of mutuality in applying collateral estoppel to bar relitigation of issues decided earlier in federal—court suits... and has allowed a litigant who was not a party to a federal case to use collateral estoppel 'offensively' in a new federal suit against the party who lost on the decided issue." *Allen,* 449 U.S. at 95–96, 101 S.Ct. at 415, 66 L.Ed.2d at 313. However, collateral estoppel is only appropriate in cases where "the party against whom the earlier decision is being asserted had a 'full and fair' opportunity to litigate the issue in the prior adjudication." *In re Miera,* 926 F.2d 741, 743 (8th Cir.1991); *see also Lane v. Peterson,* 899 F.2d 737, 741 (8th Cir.1990) ("a party may rely on collateral estoppel...if the party against whom it is used... had a full and fair opportunity and incentive to litigate the issue in the prior action.") Collateral estoppel applies to bankruptcy cases. *Grogan v. Garner,* 498 U.S. 279, 284, 111 S.Ct. 654, 658, 112 L.Ed.2d 755, 763 (1991).

■ Here, Debtors were aware that the BBB named Debtors as defendants in the prior suit and had an opportunity to mount a defense to the claims brought by the BBB. Instead, Debtors failed to take appropriate steps to vigorously defend their interests in that suit by relying on the unsuccessful efforts of their former employer. Under the circumstances, the Court finds that Debtors had a full and fair opportunity as well as an incentive to litigate the claims raised by the BBB, yet failed to do so. Consequently, Plaintiffs are entitled to raise collateral estoppel offensively in this adversary proceeding to bar relitigation of the issue of Debtors' intent since this issue was previously decided by a federal court.

■ Bankruptcy Courts in the Eighth Circuit must consider four elements when applying collateral estoppel: "(1) the issue

sought to be precluded must be the same as that involved in a prior action; (2) the issue must have been actually litigated in the prior action; (3) the issue must have been determined by a valid and final judgment; and (4) the determination must have been essential to the prior judgment." *Tyus v. Schoemehl*, 93 F.3d 449, 453 (8th Cir.1996).

■ Here, the issue of intent in the first action is identical to the present action since intent to confuse consumers was a key element of the previous case. The fact that Debtors were sued under the Lanham Act does not foreclose the prior case's preclusive effect on this action since intent is the sole factual issue in this summary judgment motion. Furthermore, the issue of intent was litigated in the prior action as evidenced by the Order in the earlier litigation. The mere fact that Debtors failed to secure counsel to fully represent their interests does not negate the reality that Debtors received notice of the hearing and the issue of intent was argued and previously decided against Debtors.

The issue of intent was determined by a final judgment as evidenced by the previous Order. Last, intent was a key element in deciding the previous case since the Order in the earlier litigation found that Debtors' intentional and purposeful use of BBB trademarks to confuse customers for the purpose of selling timeshares weighed in favor of finding a likelihood of confusion under the Lanham Act.[3] Therefore, collateral estoppel applies offensively in the present case to bar relitigation on the issue of Debtors' intent. Consequently, there is no genuine issue of material fact for summary judgment purposes.

**3.** *Council of Better Business Bureaus, Inc. v. Bailey & Associates, Inc.*, No. 4:00–CV–1236 CAS, page 28.

■ The remaining issue is whether Plaintiffs are entitled to judgment as a matter of law. The Bankruptcy Code provides that "[a] discharge under section 727...of this title does not discharge an individual debtor from any debt—(6) for willful and malicious injury by the debtor...to the property of another entity." 11 U.S.C. § 523(a)(6) (2002). The term " 'entity' includes person" in Section 523(a)(6). 11 U.S.C. § 101(15) (2002). The terms "willfulness" and "malice" are unrelated elements that require a separate analysis in order to trigger an application of Section 523(a)(6). *In re Miera*, 926 F.2d at 743 (*discussing In re Long*, 774 F.2d 875, 880–81 (8th Cir.1985)). In this regard, the term willful means conduct that is deliberate or intentional,[4] whereas the term "willfulness" under Section 523(a)(6) requires that a debtor's conduct be "headstrong and knowing." *In re Madsen*, 195 F.3d 988, 989 (8th Cir.1999) (*citing In re Long*, 774 F.2d at 881).

■ "Malicious" conduct requires that "the debtor's actions...be 'targeted at the creditor...at least in the sense conduct is certain or almost certain to cause financial harm.' " *Id.; see also In re Foushee*, 283 B.R. 278, 285 (Bankr. N.D.Iowa 2002). A finding of malice "does not require spite or ill will." *In re Fors*, 259 B.R. 131, 137 (B.A.P. 8th Cir.2001). Furthermore, it is appropriate for Bankruptcy Courts "to consider circumstantial evidence that a debtor violated a relevant statute, along with other pertinent evidence, when making a factual determination regarding malicious intent." *Id.* at 137. "[T]he standard of proof for the dischargeability exceptions in 11 U.S.C.

**4.** *See Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998) ("Nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury.")

§ 523(a) is the ordinary preponderance-of-the-evidence standard." *Grogan v. Garner,* 498 U.S. at 291, 111 S.Ct. at 661, 112 L.Ed.2d at 767.

Here, Debtors engaged in an ongoing pattern of intentionally using fraudulent BBB reports to sell bogus memberships as a normal business practice. Debtors were aware that neither a license nor permission was given by the BBB authorizing Debtors to use said BBB reports. Debtors were also aware that their actions would reasonably lead an unsuspecting consumer to the erroneous conclusion that Debtors were affiliated with the BBB and that New Horizons' products were legitimate. Debtors targeted products under the New Horizon's trade name to Plaintiffs with the net result being that Plaintiffs were harmed by their loss of property due to Debtors' conduct. Consequently, this Court finds that Debtors willfully and maliciously engaged in acts sufficient to cause injury to Plaintiffs within the meaning of Section 523(a)(6) as a matter of law.

Contrary to Debtors' averments that Debtors were merely under the direct control of New Horizons as agents and were unaware of specific consumer complaints, the evidence suggests otherwise since Debtors held significant administrative responsibilities and were aware of the fraudulent nature of the BBB reports. Therefore, this Court, having found that Plaintiffs are entitled to judgment as a matter of law, concludes that summary judgment in favor of Plaintiffs under Section 523(a)(6) is appropriate in this case. By separate order, Plaintiffs' Motion for Summary Judgment will be granted.