# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 17-6014

_____

In re: Daniel Thomas Kantos, As surety for Cash Flow Management, Inc.

*Debtor*

------------------------------

Dering Pierson Group, LLC

*Plaintiff - Appellant*

v.

Daniel Thomas Kantos

*Defendant - Appellee*

_____

Appeal from United States Bankruptcy Court
for the District of Minnesota - St. Paul

_____

Submitted: November 28, 2017
Filed: January 9, 2018

_____

Before NAIL, SCHERMER and DOW, Bankruptcy Judges

_____

DOW, Bankruptcy Judge

In the bankruptcy case of Daniel Thomas Kantos ("Debtor"), Dering Pierson Group, LLC ("DPG") filed suit seeking a determination that its claim against Debtor is nondischargeable. The Bankruptcy Court[1] held that DPG had not sustained its burden of proving that Debtor had willfully or maliciously caused an injury to DPG under § 523(a)(6). It also concluded that collateral estoppel did not apply because the state court did not litigate these issues, did not deal with DPG's other claims of defamation and fraud, and had not entered a final judgment. It therefore concluded the claim was not nondischargeable pursuant to 11 U.S.C. § 523(a)(6). DPG appeals. For the reasons that follow, we AFFIRM.

**FACTUAL BACKGROUND**

Debtor is the president of Cash Flow Management, a licensed debt collector which prepared mechanic's liens for businesses in the construction industry and others. DPG is a general contracting and construction management company that contracted with Bass Lake Hills Townhomes Limited Partnership, LLP, to furnish labor and material for its project. Thereafter, DPG subcontracted with Minnesota Valley Concrete ("MVC") to provide labor and material for the project. MVC subsequently assigned the work to Rockstar Design LLC, which DPG claimed put MVC in default because Rockstar was performing work without written approval.

---

[1] The Honorable William J. Fisher, United States Bankruptcy Judge for the District of Minnesota.

2

In March 2015, Rockstar retained Debtor to prepare a mechanic's lien to be served on the property and filed at the county recorder's office. A representative of Rockstar provided Debtor with the necessary information to complete the mechanic's lien. The statement contains a sworn affidavit by Debtor that he "had knowledge of the facts herein and [was] competent to testify." Debtor later testified that he did not have first-hand knowledge of the facts stated in the mechanic's lien statement, but he believed he had the authority to sign it based on the information he was given by Rockstar. He also testified his intent in filing was to ensure Rockstar had a secured position, not to cause injury to anyone, that he had signed more than ten mechanic's lien statements and that his actions were done in the ordinary course of his business and consistent with what he had been doing for many years. He assumed the facts were true and did not know there was any incorrect information provided.

On March 11, 2015, DPG contested the validity of the Rockstar mechanic's lien and demanded Debtor release the lien. Debtor testified that once he became aware the facts were not accurate that he immediately signed a release on March 18, 2015. On April 7, 2015, DPG filed a state court lawsuit against Debtor regarding the mechanic's lien filed by Debtor alleging unauthorized practice of law and other counts including fraud and defamation. The state court granted DPG judgment on the count alleging unauthorized practice of law but did not issue any ruling on DPG's

3

claims of fraud and defamation, nor did it establish damages. DPG amended the complaint and the matter was pending when Debtor filed bankruptcy.

DPG filed an adversary action in Debtor's bankruptcy case seeking denial of a discharge of its claim against Debtor pursuant to §523(a)(6). The Bankruptcy court found that DPG did not establish that Debtor willfully caused an injury to DPG, or that Debtor maliciously caused an injury to DPG pursuant to §523(a)(6). The Bankruptcy Court also found that collateral estoppel did not apply but that issue is not on appeal[2].

**STANDARD OF REVIEW**

We review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *In re Bullard*, 449 B.R. 379 (B.A.P. 8th Cir. 2011). "The bankruptcy court's determination of whether a party acted willfully and maliciously inherently involves inquiry into and finding of intent, which is a question of fact." *Waugh v. Eldridge (In re Waugh),* 95 F.3d 706, 710 (8th Cir.1996) (citation omitted). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction

---

[2] DPG has apparently abandoned its contention that the judgment below established willful and malicious injury as a matter of collateral estoppel as to defamation by failing to brief the issue. *Fair v. Norris*, 480 F.3d 865, 869 (8th Cir. 2007). DPG only argues in its brief that Debtor is collaterally estopped from re-litigating the unauthorized practice of law issue.

that a mistake has been committed." *Anderson v. Bessemer City,* 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) (quoting *U.S. v. U.S. Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)). We give due regard to the bankruptcy court's opportunity to judge the credibility of witnesses. Fed. R. Bankr. P. 8013.

We note that DPG contends that the issues on appeal constitute mixed findings of law and fact, although it notes that to the extent the bankruptcy court's determinations were based on factual findings they are reviewed for clear error and to the extent they were based on an interpretation of §523(a)(6) they are subject to de novo review. DPG does not cite any legal authority for the proposition that mixed findings and conclusions are involved, nor does it clearly address the implications for the standard of review in this case. Appellant does not argue that the bankruptcy court interpreted §523(a)(6) incorrectly and applied the incorrect law; therefore, the issue must be the lower court's fact finding and the appropriate standard of review is necessarily one of clear error. *See Ford Motor Credit Co. v. Owens*, 807 F.2d 1556 (11th Cir. 1987)(applying the clearly erroneous standard when reviewing lower court's ruling on evidence as to willful and malicious injury under §523(a)(6)).

**DISCUSSION**

11 U.S.C. § 523(a)(6) reads in pertinent part "A discharge... does not discharge an individual debtor from any debt...for willful and malicious injury by

5

the debtor to another entity or the property of another entity." In the Eighth Circuit, the terms "willful" and "malicious" are two distinct elements, each of which must be shown to establish an exception to discharge. *Fischer v. Scarborough (In re Scarborough),* 171 F.3d 638, 641 (8th Cir. 1999).

The Supreme Court addressed the term "willful" for purposes of § 523(a)(6) and concluded that the word "willful" modifies the word "injury". This indicates that the exception to discharge requires a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. *Kawaauhau v. Geiger,* 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998).  The category of injury that the Supreme Court envisioned was that of an intentional tort. "[T]he (a)(6) formulation triggers...the category of intentional torts, as distinguished from negligent or reckless torts." *Geiger,* 523 U.S. at 62, 118 S.Ct. 974; affirming the Eighth Circuit in *Geiger v. Kawaauhau (In re Geiger),* 113 F.3d 848, 852 (8th Cir. 1997) (en banc). Intentional torts generally require that the actor intend the "consequences of an act, and not just the act itself." Restatement (Second) of Torts § 8A cmt. a.

The Supreme Court did not address the meaning of malicious in *Geiger.* *Allstate Insurance v. Dziuk (In re Dziuk),* 218 B.R. 485 (Bankr. D. Minn. 1998).  In the Eighth Circuit, an injury is malicious when the debtor intended to harm the creditor at least in the sense that the debtor's tortious conduct was certain or almost certain to cause harm. *Waugh v. Eldridge (In re Waugh),* 95 F.3d 706, 711 (8th Cir.

6

1996); *Johnson v. Miera (In re Miera),* 926 F.2d 741, 743 (8th Cir. 1991). Intentional harm is difficult to establish, but the likelihood of harm in an objective sense may be considered in evaluating intent. *Barclays American Bus. Credit, Inc. v. Long (In re Long),* 774 F.2d 875, 881 (8th Cir. 1985). The mere violation of legal rights is not enough to show malice "absent some additional aggravated circumstances". *Id.* "The malice standard does not require spite, ill will, or a personal animosity." *See, e.g., In re Fors*, 259 B.R. 131, 137 (B.A.P. 8th Cir. 2001). To qualify as "malicious," a debtor's actions must be "targeted at the creditor…at least in the sense that the conduct is certain or almost certain to cause financial harm." *See In re Madsen*, 195 F.3d 988, 989 (8th Cir. 1999); *Long*, 774 F.2d at 881.

In sum, the debtor must have intended the injury to the creditor (willful) and the conduct must have been targeted at the creditor (malicious). *In re Dziuk,* 218 B.R. at 487. The willful element is satisfied if the injury is the result of an intentional tort. The malicious element is satisfied if, in committing the intentional tort, the perpetrator intended the resulting harm, or the harm was substantially certain or nearly certain to result. See *Waugh,* 95 F.3d at 711; *Long,* 774 F.2d at 881.

At the outset, we note that DPG argues in its brief that it has established a claim for common law defamation against Debtor and suggests that it is necessarily excepted from discharge under §523(a)(6). However, the defamation claim was not

7

litigated or ruled on by the trial court[3]. Thus, DPG must have demonstrated separately in the bankruptcy trial below that, whatever the source of the claim, Debtor's conduct was willful and malicious. The mere fact that a particular state law claim may be established by the facts does not mean that they simultaneously establish that the conduct is willful and malicious. *See Harris v. Kamps (In re Kamps)*, 575 B.R. 62, 78 (Bankr. E.D. Pa. 2017) (finding the legal determination that a debtor defamed the creditor has no bearing upon the bankruptcy court's determination as to whether the defamation award is nondischargeable under §523(a)(6)).

DPG makes the same assertion regarding its claim for unauthorized practice of law. This issue was ruled on by the state court but that is not enough to establish that the conduct is willful and malicious.

The bankruptcy court found that there was insufficient evidence to support the allegation that Debtor's actions were willful. Debtor testified that he filed the mechanic's lien with the intent to ensure that Rockstar had a secured position on its construction project, not with an actual intent to cause injury to DPG. Debtor

---

[3] Under Minnesota law, collateral estoppel applies if (1) the issue was identical to one in a prior adjudication; (2) there was a final adjudication on the merits; (3) the estopped party was a party or in privity with a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue. *Illinois Farmers Ins. Co. v. Reed*, 662 N.W.2d 529, 531 (Minn. 2003).

testified, and the bankruptcy court found, that the filing was done in the ordinary course of Debtor's business and was consistent with his business practices for many years. The court also found that Debtor believed that the facts provided to him by Rockstar were accurate and that he had the authority to file the lien. Immediately upon learning that the facts provided were not accurate, Debtor filed a release of the mechanic's lien. The court determined that DPG did not provide any inconsistent evidence and that Debtor's testimony was credible. Debtor was the only witness at trial. Thus, the court held that DPG failed to establish that Debtor "willfully" caused injury pursuant to § 523(a)(6). We cannot say that this was clear error.

The bankruptcy went on to find that there was insufficient evidence to support the assertion that Debtor's actions in filing the lien were "malicious" under § 523(a)(6). The court determined that Debtor had no intent to "target" the owner of the project based on his testimony and did not have reason to believe that his actions were "certain or almost certain to cause harm." The court found that he filed the mechanic's lien in the ordinary course of his business and as he had done for many years; he did not know the information provided by Rockstar was inaccurate and relied on the representations provided by his client. As noted, once Debtor realized the lien information was inaccurate he immediately released the lien. The court held the evidence did not establish that Debtor caused "malicious injury" as required under § 523(a)(6).

Neither can we find that this was clear error. Appellant cites to no finding which it considers in error and we can find none. No response was made by DPG to the pre-lien notice which further supports the notion that Debtor was not aware of any problem with the lien. In addition, there is no evidence to explain why Debtor would have intended harm to DPG. There was no evidence presented of bad blood or other previous disputes or issues between the parties. Although evidence of personal ill will or spite is not necessary to establish malice, the absence of any such evidence undermines the assertion that Debtor's conduct was willful and malicious. As noted, to prevail in a §523(a)(6) claim, a creditor needs to prove that a debtor's conduct was certain or almost certain to cause harm. In this case, no evidence establishes that filing of the lien was certain or almost certain to cause harm to DPG. First, and importantly, it was filed against property owned by another entity. Second, there is testimony in the record that the filing of a mechanic's lien does not necessarily lead to adverse consequences for the owner or others affected as the matter is often worked out, as it was in this case.

Based on the record below and considering the established case law on the meaning of the terms "willful" and "malicious", we hold that the lower court's finding that plaintiff had failed to establish these essential elements of its claim by a preponderance of the evidence was not clearly erroneous. Therefore, we AFFIRM.

_____

10